MARY E. NICHOLS *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Essex.    March 3, 1897. — May 29, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Evidence of Custom.*

At the trial of an action for personal injuries received by the plaintiff when alighting from a street car of the defendant, evidence tending to show that the car was a short, closed car, containing about fifty passengers, some of whom were standing on the rear platform ; that when it was approaching a place where it always stopped without the ringing of the bell, a passenger on the rear platform rang the bell, and when the car stopped the conductor, who was inside collecting fares, called the name of the street and nodded his head to the plaintiff, who had indicated his desire to alight there ; that passengers arose to go out, of

whom the plaintiff, who was of advanced age and stout, was perhaps the last; and that, as he was in the act of stepping from the platform to the ground, the passenger standing on the rear platform, without authority from the conductor, rang the bell for the car to start, the car started suddenly, and the plaintiff was thrown to the ground and injured, — is competent to be considered by the jury on the question of negligence.

At the trial of an action for personal injuries received by the plaintiff while alighting from a street car, caused by the sudden starting of the car in response to a signal given by a passenger standing on the rear platform, evidence offered by the plaintiff tending to show a habit of passengers on the defendant's road to give the signals for starting and stopping cars is properly admitted.

TORT, for personal injuries, occasioned to the plaintiff while a passenger in Lynn, on a street car belonging to the defendant. At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*H. F. Hurlburt*, for the defendant.

*W. H. Niles*, for the plaintiff.

ALLEN, J.   The plaintiff was entitled to go to the jury upon the question of the defendant's negligence.   The facts in detail were not much in dispute.   There was evidence, which the jury might have believed, tending to show that the car in which she was riding was not over fourteen feet long on the inside, and that there were upon it about fifty passengers, several of whom were standing upon the rear platform.   At Breed Street there was a regular stopping place, where the car always stopped, and there was no need to ring the bell for it to stop there, and the conductor did not ring the bell on this occasion for the car to stop, but a passenger upon the rear platform rang it.   The plaintiff had told the conductor that she wished to be left there, and when the car stopped he called Breed Street, and nodded to her. He was inside of the car collecting fares, and was nearer the front end than she was.   Other passengers, according to the conductor's testimony, rushed out, and the plaintiff, being well along in years and stout, was perhaps the last to go.   She walked to the rear door, passed out, and was in the act of stepping from the platform to the ground, when the car started up suddenly, and she was swung off, but held on and was dragged a little way.   The conductor testified that he had got there by that time and caught hold of her by the arm ; but she testified that nobody seized her before the car stopped.   The evidence

left no doubt that the same passenger who rang the bell for the car to stop, also rang it for the car to start again. The conductor testified that he did not hear either the signal to stop or to start, and he had given no authority to the passenger to do so. He also said: "Sometimes a passenger has rung the bell to start; there are people who make themselves officious upon the car; it is not a common occurrence in running a car." There was some evidence which had a tendency to show that this was sometimes done; and the jury might well think that the risk from this source was greater in case of a car crowded with standing passengers.

The plaintiff, it would seem, was in the exercise of due care, and no suggestion is made to us to the contrary; and the jury might have found that there was lack of due precautions, under the circumstances, to prevent the starting of the car through an unauthorized act of a passenger in ringing the bell.

While the defendant was not bound to adopt all possible precautions to protect its passengers from injury in leaving its cars, it was bound to use the utmost care consistent with the nature and extent of its business to guard against all dangers which it could reasonably anticipate; and if the defendant failed in this duty, it is responsible for the consequences of its neglect, although the negligence or misconduct of the passenger who rang the bell contributed to the injury. *Eaton* v. *Boston & Lowell Railroad*, 11 Allen, 500. *Simmons* v. *New Bedford, Vineyard, & Nantucket Steamboat Co.* 97 Mass. 361. *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207. *Anderson* v. *Citizens' Street Railroad*, 12 Ind. App. 194. *North Chicago Street Railroad* v. *Cook*, 145 Ill. 551.

It was competent for the jury, upon the evidence, to find that the defendant failed in its duty in allowing the car to be started up as it was, or in not taking greater precautions to prevent its being so started up, before the plaintiff had time to get safely off.

It was competent for the court to admit evidence tending to show a habit of passengers upon the defendant's road to give the signals for stopping and starting cars, because the defendant had reasonable cause to know anything that was habitually and openly done on its cars, and the evidence bore directly upon the

question of its due care in permitting, or in failing to guard against, such acts. And in this aspect, evidence of what was habitually done on other cars of the defendant than the one upon which this conductor had served was admissible. Moreover, he knew perfectly well that this was sometimes done, and testified that " of course we would forbid them from doing it; it is not allowed." The conductor knew enough to put' him on his guard. There was no ruling by the court that the practice on other roads was competent.

We cannot see how it was material to inquire whether there was evidence of negligence after the signal to start had been given, provided the jury should find that there was negligence in allowing that signal to be given. But the jury might think that the conductor was negligent in failing to hear, and at once to countermand, the signal to start, not to mention other possible aspects of the case.     *Exceptions overruled.*