ADDIE A. TRACY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 9, 1914. — May 21, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence*, Street railway.

At the trial of an action by a woman passenger against a street railway company for injuries caused by the plaintiff's thumb being jammed by the closing of a door leading from the front vestibule to the interior of a street car which she was entering at a station in a subway, there was evidence tending to show that the plaintiff was just passing through the door when the car started, and that, in order to save herself from being thrown forward, she put her hand back of her on the door jamb where it was injured when the door was closed. The motorman testified that, if the door was to be closed, it was his duty to close it, but that he did not close it on the occasion in question. There was no evidence that the door ought to have been closed or commonly was closed between the stations in the subway. A witness for the defendant testified that he saw a man in citizen's clothes, who was standing behind the motorman, step forward to permit passengers to enter the car and then close the door which injured the plaintiff, and also the outside door of the car. *Held*, that there was no evidence of negligence on the part of the defendant or of any of its employees.

TORT by a woman for personal injuries caused by her thumb being jammed by the closing of a door leading from the front vestibule into the interior of a street railway car of the defendant which she was entering at the Park Street station of the subway in Boston. Writ dated March 29, 1912.

In the Superior Court the case was tried before *Keating,* J. The material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. L. Keogh,* (*B. J. Killion* with him,) for the plaintiff.

*J. H. Jones,* for the defendant.

RUGG, C. J.    The plaintiff became a passenger upon one of the defendant's closed cars at the Park Street subway by entering through its front vestibule.    As she passed through the door into the body of the car, the car started.    In order to save herself from being thrown forward, she put her hand back of her on the jamb of the door, which was closed at that instant, injuring her thumb.    The motorman testified that, if the front door was to be closed, it was his duty to do it, but that he did not close the door at this time.    Another witness for the defendant testified that he was standing in the vestibule of the car, where there were at least two other passengers, and that one of them, who was a man in citizen's clothes, stepped forward to let other passengers go into the car behind him, and that when they had passed that man closed the vestibule door and also the door into the car.

There is nothing to indicate negligence on the part of the defendant.    There is no evidence to show that the door from the vestibule into the car ought to have been closed or was commonly closed between stations in the subway.    Apparently the motorman, whose duty it was to close the door if it was to be closed at all, had started the car without closing it.    It cannot be said that the sudden and involuntary act of the plaintiff in throwing her hand behind her for support in such way that her thumb was in the door jamb under the circumstances ought to have been observed or apprehended by any servant of the defendant in the exercise of reasonable care.    The injury was a pure accident which, so far as disclosed on this record, occurred without the fault of any one.    The case is like *Hines* v. *Boston Elevated Railway,* 198 Mass. 346, and *Cashman* v. *New York, New Haven, & Hartford Railroad,* 201 Mass. 355, and is distinguishable from *McGlinchy* v. *Boston Elevated Railway,* 206 Mass. 7.

*Exceptions overruled.*