EMMA L. FRINK *vs.* BOSTON ELEVATED RAILWAY COMPANY.
WILLIAM A. FRINK *vs.* SAME.

Middlesex.    January 15, 1914. — May 25, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Street railway. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Conduct of trial: judge's charge.

In an action against a street railway company for personal injuries suffered by reason of the plaintiff being thrown to the ground by the starting of a street car of the defendant as she was boarding it at a regular stopping place, the declaration alleging that the servants of the defendant so negligently managed the car that it suddenly started without sufficient notice or warning to the plaintiff, there was evidence that the car was a closed one and was very crowded,

that as the plaintiff, following two companions, had one foot on the step of the rear platform and the other foot was on the street, two bells were sounded and the car immediately started, throwing her off her feet, that the conductor "was about two windows in the car" and "did not approach the rear platform." The judge, subject to exceptions by the defendant, instructed the jury that there was no evidence that the car was started because the conductor rang the bell, but that they might find that the conductor was negligent in allowing the car to be started by a third person ringing the bell; and read to them a portion of the opinion in *Nichols* v. *Lynn & Boston Railroad,* 168 Mass. 528, at page 530. The jury found for the plaintiff. *Held,* that the instruction was too favorable to the defendant, because the jury were warranted in drawing the inference that the car was started by the defendant's servants. *Held, also,* that, in order to hold the defendant liable on the ground that the conductor was negligent in allowing the car to be started by a third person, it was not necessary for the plaintiff to show that cars habitually had been started by third persons before the day of the accident, and that a verdict for the plaintiff was warranted; *and, also,* that it was proper for the judge to read the quotation from the former opinion, because it was applicable to the evidence.

Two ACTIONS OF TORT, the first for personal injuries caused by the plaintiff being thrown to the ground by the starting of a street car of the defendant as she was in the act of entering it. The second action was by the husband of the plaintiff in the first for consequential damages. Writs dated June 20, 1911.

The allegations of negligence in the declaration were that, while the plaintiff was in the act of boarding the car, "the agents, employees or servants of said defendant so carelessly and negligently managed said electric that it suddenly started up without notice or warning, or sufficient notice or warning to the plaintiff, and threw her with great violence upon the ground and road, and dragged her quite a distance."

The cases were tried together before *Stevens,* J. There was evidence that the defendant's car was very crowded. Other material facts which the plaintiffs' evidence tended to show are stated in the opinion. At the close of the evidence, the judge, subject to exceptions by the defendant, refused to rule that upon all the evidence the plaintiffs were not entitled to recover.

The judge in his charge instructed the jury as follows: "The road in this case, on the evidence, is not to be held responsible because the conductor rang the bell and started the car, because there isn't any evidence that he did. It may have been rung by a passenger, and it may be that you will say that he was negligent in not having exercised such supervision that he would see

that no passenger should start the car by ringing the bell." The judge then read from the opinion of this court in *Nichols v. Lynn & Boston Railroad,* 168 Mass. 528 at page 530, as follows: "The plaintiff, it would seem, was in the exercise of due care, and no suggestion is made to us to the contrary: and the jury might have found that there was lack of due precautions, under the circumstances, to prevent the starting of the car through an unauthorized act of a passenger in ringing the bell. While the defendant was not bound to adopt all possible precautions to protect its passengers from injury in leaving its cars, it was bound to use the utmost care consistent with the nature and extent of its business to guard against all dangers which it could reasonably anticipate; and if the defendant failed in this duty, it is responsible for the consequences of its neglect. . . . It was competent for the jury, upon the evidence, to find that the defendant failed in its duty in allowing the car to be started up as it was, or in not taking greater precautions to prevent its being so started up, before the plaintiff had time to get safely off."

The jury found for the plaintiff in the first case in the sum of $2,800, and for the plaintiff in the second case in the sum of $300; and the defendant alleged exceptions.

*P. F. Drew,* for the defendant.

*H. D. Moore & G. H. Russ,* for the plaintiffs, were not called upon.

LORING, J. The facts in these two cases were, or could have been found by the jury to have been, substantially as follows:

The plaintiff, in the first case (who will be spoken of as the plaintiff), with two companions, undertook to board a car of the defendant. The plaintiff and her companions had signalled the car to stop and it had stopped. The plaintiff's two companions succeeded in getting upon the car. After they had done so, the plaintiff put one foot on the step and while the other foot was still on the street, two bells were sounded, the car started immediately and she was thrown off her feet. On the plaintiff's evidence the conductor "was about two windows in the car" and "did not approach the rear platform" while these occurrences took place.

Under these circumstances, the judge instructed the jury in effect that they could not find that the car was started by the defendant,

but that they could find that the conductor was negligent in allowing the car to be started by a third person, and he read a passage from the opinion in *Nichols* v. *Lynn & Boston Railroad,* 168 Mass. 528, 530.

To this charge the defendant took an exception.

In one respect the instructions given were more favorable to the defendant than those to which it was entitled. Under the facts of the case the jury were warranted in drawing the inference that the car was started by the defendant's servants. *Killam* v. *Wellesley & Boston Street Railway,* 214 Mass. 283.

But if the jury did not in fact draw that inference, that is to say, if they found (as they had a right to find) that the car was started by a third person, it was open to them to hold the defendant liable on the ground on which the defendant was held in *Nichols* v. *Lynn & Boston Railroad,* 168 Mass. 528, and which was not open under the pleadings in *O'Neil* v. *Lynn & Boston Railroad,* 180 Mass. 576, to wit, on the ground that the conductor was negligent in allowing the car to be started by a third person. As was said in *Nichols* v. *Lynn & Boston Railroad, ubi supra:* "The jury might think that the conductor was negligent in failing to hear, and at once to countermand, the signal to start, not to mention other possible aspects of the case." This ground of liability in such a case as the present was not denied by what was said in *Killam* v. *Wellesley & Boston Street Railway, ubi supra,* at page 285. To make out a case on this ground it is not necessary for the plaintiff to show that cars had been habitually started by third persons before the day of the accident, although that is competent, as was held in *Nichols* v. *Lynn & Boston Railroad, ubi supra.*

The portion of the opinion read to the jury from *Nichols* v. *Lynn & Boston Railroad, ubi supra,* applied to the case made out in the evidence in this action. It was not improper to read it to the jury. *Post* v. *Leland,* 184 Mass. 601. *Commonwealth* v. *Dow,* 217 Mass. 473.

*Exceptions overruled.*