R. BETTY INTRILIGATOR *vs.* PHILIP GOLDBERG.

Suffolk.    January 5, 1938. — February 1, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence*, Taxicab. *Carrier*, Of passengers. *Agency*, What constitutes.

No evidence of negligence on the part of a taxicab driver who was a common carrier of passengers appeared in the circumstances attending the injuring of a passenger's hand by the door being closed upon it by another passenger who had preceded him from the cab and who in no sense was acting as an agent of the driver.

CONTRACT OR TORT. Writ in the Superior Court dated June 29, 1933.

A verdict for the defendant was returned before *Beaudreau*, J. The plaintiff alleged exceptions.

*M. Michelson*, for the plaintiff.

*S. L. Sabel*, for the defendant, submitted a brief.

Cox, J. The plaintiff was a passenger for hire in a taxicab, owned and operated by the defendant who was a common carrier. She was seated on the rear seat. There were five other passengers. When the plaintiff entered the cab, in Dorchester, she told the defendant that she wished to be let off at the corner of Washington and Essex streets in Boston. At Lagrange Street, which is near Essex Street,

two passengers left the cab, opening and closing the door for themselves, the defendant remaining behind the wheel. At this stop the plaintiff again told the defendant that she was to get off at Washington and Essex streets. When the taxicab stopped at that corner another passenger, who was in the taxicab before it reached Lagrange Street, opened the door and alighted, and, as the plaintiff was about to get out, this passenger, who had preceded her, carelessly slammed the door shut, injuring the plaintiff's hand, which she had put upon the door jamb, without noticing where she was putting it, to assist herself in rising from her seat. The defendant did not leave the driver's seat or touch the door in any way before the accident. Before the plaintiff placed her hand on the door jamb she had reached for a side strap to assist herself in rising, but there was no strap in this cab. It could have been found on the evidence that the only way the plaintiff could get out of her seat to go out the door on her right was by taking hold of the door jamb. After the defendant stopped his cab at Washington and Essex streets, he turned half around in his seat and had a clear view of the passenger who got out ahead of the plaintiff as well as a clear view of the door and the plaintiff. He could have reached through the partition in back of his seat and opened and closed the door, which was within his reach. When the passenger ahead of the plaintiff alighted, the defendant nodded to her as she started to rise from her seat, inviting her to get out. He did nothing to stop the door from closing. From testimony in behalf of the plaintiff it appeared that sometimes taxicab drivers closed and opened the doors but usually this was done by the passengers themselves. The auditor whose report was in evidence did not find that the passenger who closed the door was acting in the capacity of an agent for the defendant nor that the defendant was negligent in any degree.

The case was tried to a jury upon the auditor's report and testimony produced at the trial. At the close of the evidence the plaintiff requested the judge to give the following rulings: "5. If the person who closed the door did so by express or implied authority of the defendant, the defend-

ant is liable for that person's negligence"; "6. Even if the act of the person who closed the door was unauthorized, the defendant was negligent if he should have foreseen the act and yet failed to take proper precautions to prevent it"; "10. It was the defendant's duty to use care to see that no stranger closed the door improperly." The judge refused to give these rulings and the plaintiff duly excepted. The jury returned a verdict for the defendant.

The plaintiff having been accepted as a passenger, the defendant became bound to exercise in the management of his cab the highest degree of care required by the circum- stances to protect her from injury during transportation. *Steverman* v. *Boston Elevated Railway,* 205 Mass. 508. But he was not bound to anticipate every possible peril which might threaten her. He was not an insurer, nor was he obliged to foresee the impossible or highly improbable. *Isenberg* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 182. We think it is clear that no relationship of agency is shown between the defendant and the passenger who carelessly slammed the door. It is apparent that this passenger opened the door of the cab for his own purpose and that in closing it he was not acting for the defendant. This act of closing the door presents aspects which, while they do not help the plaintiff, are difficult to understand. This passenger was in the cab at Lagrange Street when the plaintiff told the defendant that she wished to get out at Essex Street. At the Essex Street stop the passenger left the cab and one would assume that if he had heard the plaintiff's request, he would not have closed the door in her face, to say the least. But whatever there may be to this, we do not think his act of closing the door in the circum- stances disclosed was a thing which the defendant should have anticipated. The sequence of events as disclosed by the evidence indicates a series of sudden happenings which reduces the incident to a pure accident. The cab stops at Essex Street, the passenger leaves the cab, the plaintiff reaches for a strap, which is not there, in order to raise herself from the seat, she puts her hand on the door jamb, not noticing where she is putting it, and the door is slammed.

There is nothing in the evidence (and the bill of exceptions recites that all facts and evidence material to the issues involved are contained in it) to show that the plaintiff's hand was on the jamb for any appreciable length of time.

We think the case comes within the principle of *Tracy* v. *Boston Elevated Railway*, 217 Mass. 569 (see *Hines* v. *Boston Elevated Railway*, 198 Mass. 346; *Camp* v. *Spring*, 241 Mich. 700), and is distinguishable from *Nichols* v. *Lynn & Boston Railroad*, 168 Mass. 528, *Frink* v. *Boston Elevated Railway*, 218 Mass. 121, and *Craft* v. *Boston Elevated Railway*, 211 Mass. 374. The plaintiff was not harmed by the judge's refusal to give her requested rulings.

*Exceptions overruled.*