ALFRED C. GAUNT & others *vs.* BOARD OF APPEALS OF METHUEN.

Essex. February 6, 1951. — May 9, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Zoning. Board of Appeals. Quasi Judicial Tribunal. Evidence,* Judicial notice.

There can be no judicial notice of municipal ordinances and by-laws.

Purported action by the zoning board of appeals of a town granting a variance was a nullity for want of compliance with G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended, where it appeared that the only records of the board in existence and filed with the town clerk in the matter were a plan and the board's decision stating merely that the petition for variance was granted.

BILL IN EQUITY, filed in the Superior Court on July 14, 1950.

The suit was heard by *Swift,* J.

In this court the case was submitted on briefs.

*S. B. Williams,* for the plaintiffs.

*M. A. Cregg,* for the defendant.

COUNIHAN, J. This is a suit in equity by way of appeal from a decision of the board of appeals of Methuen brought under the provisions of G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended by St. 1935, c. 388, and St. 1941, c. 198, §§ 1, 2. The judge entered a decree that "the decision . . . was within the jurisdiction of the board of appeals of the Town of Methuen, and that no modification of it is required . . .." From this decree the plaintiffs appeal.

The decision of the board of appeals dated May 24, 1950, declared that it "granted the petition of Oscar R. Hoehn for a special permit to vary the application of the district regulations established by the zoning by-laws and to subdivide a lot of land on Pleasant Street, as indicated by the

plan attached." It would appear that the decision was filed with the town clerk on July 1, 1950.

The evidence is reported but it is sparse and of little help. The town by-law which might have been of assistance, although referred to in the evidence, was not offered and is therefore not before us. We are not permitted to take judicial notice of ordinances or by-laws. *O'Brien* v. *Woburn*, 184 Mass. 598, 600. *Cerwonka* v. *Saugus*, 316 Mass. 152, 153. *Lioni* v. *Marr*, 320 Mass. 17, 21.

The evidence is that the only records of the board of appeals filed with the town clerk were the decision and the plan, and that no other records were in existence.

In general, § 30 of c. 40, as amended, authorizes a board of appeals in some circumstances to pass upon and decide requests for special permits and petitions to vary the application of zoning by-laws to a particular parcel of land. But it is well settled that this power of variance is to be used sparingly. *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 457. *Phillips* v. *Board of Appeals of Springfield*, 286 Mass. 469, 472. *Tanzilli* v. *Casassa*, 324 Mass. 113, 116–117. *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence*, 324 Mass. 433, 438–439.

Section 30 of c. 40 limits the action of a board of appeals by many restrictions and safeguards, some of the most important of which read as follows: "The board shall cause to be made a detailed record of its proceedings, showing the vote of each member upon each question, or, if absent or failing to vote, indicating such fact, and *setting forth clearly the reason or reasons for its decisions, and of its other official actions, copies of all of which shall be immediately filed in the office of the city or town clerk and shall be a public record . . .*" (emphasis supplied). The evidence discloses no compliance with these important provisions of the statute. The words of the statute "mean that there must be set forth in the record substantial facts which rightly can move an impartial mind, acting judicially, to the definite conclusion reached. They are not satisfied by a mere repetition of the statutory words. Minute recitals may not be

necessary, but there must be definite statement of rational causes and motives, founded upon adequate findings." *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457–458. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 54–55.

We are of opinion that the action of the board of appeals was a nullity and that its decision must be annulled.

The final decree is reversed, and a decree is to be entered that the decision is invalid and therefore annulled; and that the clerk of the court send an attested copy thereof to the board of appeals of Methuen and to the building inspector of Methuen.

*So ordered.*