DANIEL WEBSTER IMPROVEMENT ASSOCIATION, INC. & others *vs.* BOARD OF APPEALS OF MARSHFIELD & another.[1]

Plymouth.    October 1, 1951. — July 1, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Zoning. Board of Appeals. Equity Pleading and Practice,* Decree, Zoning appeal.

The record on an appeal to this court, without a report of the evidence, in a suit in equity in the Superior Court by way of appeal under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended, from a decision by a zoning board of appeals granting a variance did not show merit in a contention that the decision of the board was a nullity because of noncompliance by it with the requirements of § 30 relative to the record of its proceedings.

In a suit in equity in the Superior Court under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended, by way of appeal from a decision of a zoning board of appeals, where the decision of the court was favorable to the board, the final decree should not have dismissed the bill, but should have been in the form set forth in *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224, 228.

---

[1] Lloyd B. Frisbie on motion was allowed to intervene as a party defendant.

BILL IN EQUITY, filed in the Superior Court on January 13, 1950.

The suit was heard by *Baker*, J.

*Arthur L. Emery*, for the plaintiffs.

*James M. Graham*, for board of appeals of Marshfield, & *G. Milton Avery*, for the intervener, submitted a brief.

COUNIHAN, J. This proceeding is entitled a "Bill and Petition for Review." In effect it is an appeal to the Superior Court from a decision of the board of appeals of Marshfield under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended. That decision granted a variance of the application of the zoning by-laws of the town to permit the use of land in an established residential district for business purposes. The judge entered a decree dismissing the appeal from that decision. The case comes here upon an appeal from the decree, on the pleadings and the findings of the judge. The evidence is not reported and the exhibits are not before us.

The allegation of the bill relied upon by the plaintiffs is "5. That the decision of the board of appeals is contrary to the powers of said board and exceeds the authority of said board."

The judge found inter alia that "the decision of the . . . board of appeals is not contrary to its powers to act as it did and that it did not exceed its authority to grant the variance in question."

It is undisputed that whatever authority the board of appeals has to grant the variance comes from § 30 of c. 40, part of the third paragraph of which reads as follows: "The board shall cause to be made a detailed record of its proceedings, showing the vote of each member upon each question . . . and setting forth clearly the reason or reasons for its decisions, and of its other official actions, copies of all of which shall be immediately filed in the office of the city or town clerk . . . ."

Before us the plaintiffs argue that because of noncompliance with this provision of the statute the decision of the board should be annulled because it was contrary to its

powers to act and exceeded the authority of the board. They rely upon *Gaunt* v. *Board of Appeals of Methuen,* 327 Mass. 380.

Assuming without deciding that the allegation in the bill which we have referred to is sufficient to raise the question of compliance with § 30, we are of opinion that the findings of the judge herein set forth effectively dispose of the contention of the plaintiffs. Where evidence is not reported the findings of a judge will not be disturbed unless inconsistent with each other. *National Radiator Corp.* v. *Parad,* 297 Mass. 314, 319. No such situation appears here.

The *Gaunt* case is distinguishable for there the evidence was reported and it showed that the "only records of the board of appeals filed with the town clerk were the decision and the plan, and that no other records were in existence" (page 381). There too the evidence failed to disclose compliance with other requirements of § 30.

The final decree should be amended to agree with the form set forth in *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224, 228. *Howland* v. *Acting Superintendent of Buildings & Inspector of Buildings of Cambridge,* 328 Mass. 155, 161.

*So ordered.*