### Northern District

### No. 4678

## FRANCIS FOURNIER

### v.

## CENTRAL TAXI CAB, INC.

(September 22, 1953)

*Brooks, J.* This is an action of tort in which plaintiff seeks to recover for personal injuries sustained while a passenger for hire in a taxi cab owned by defendant. The answer is general denial, contributory negligence, denial of agency and denial of defendant's responsibility for its operator. The only serious contention is over the question of the negligence of defendant's operator.

Plaintiff, who was totally blind, habitually used defendant's taxi service. On this particular occasion, he telephoned defendant for a cab without specifying the number of passengers. On its arrival, plaintiff and three other men, also blind except for one Gildea

who had 2% vision, entered the cab. They were fellow employees of plaintiff. A blind woman, likewise a fellow employee, was in the vicinity. Plaintiff testified that "she was not in his group, and when asked if he objected to her riding in the cab with him, he said he wasn't asked, but he did not object."

These three men got into the back seat and one into the front seat from the righthand side of the cab, all without assistance from the taxi operator. Meanwhile, the operator was leading the blind woman to the left side of the cab. He asked plaintiff, who was seated in the rear seat, to get out and into the front seat so that the blind woman could sit in the back seat. Plaintiff and Gildea thereupon got out of the back seat on the right-hand side of the cab. In attempting to reach for the door handle to open the front door, plaintiff placed his hand between the center support post and the hinged side of the rear door. Gildea accidentally bumped the door which closed on plaintiff's fingers. During this time, the cab operator was on the left side of the cab helping the blind woman into the rear seat.

Plaintiff's attorney requested the court to take judicial notice of two sections of a Cambridge City Ordinance. One of these forbade a person in charge of a hackney carriage taking on a passenger after the cab had been engaged by a prior passenger. The other forbade the driver to permit anyone but a genuine passenger from riding in the driver's seat. It does not appear whether or not the court took judicial notice of the ordinance. It would have had no right to do so since an ordinance has to be proved like other evidence. *O'Brien v. Woburn*, 184 Mass. 598; *Rogers v. Abbott*, 248 Mass. 220. Therefore, these facts are not properly part of the evidence. Furthermore, if properly before the trial court, their violation by defendant was at most merely a condition and not a cause of the accident.

At the close of the trial, defendant made the following Request for Rulings:

"1. The standard of care for a person of defective vision is the same as for one with full facilities, though he may be required to put forth greater effort to attain that standard of care. *Keith v. Worcester St. Ry. Co.,* 196 Mass. 478.

2. The evidence does not warrant a finding that the defendant Robert E. Gallagher was negligent. *Castano v. Leone,* 278 Mass. 429; *Intriligator v. Goldberg,* 299 Mass. 333; *Hawes v. Boston Elevated,* 192 Mass. 324.

3. The evidence is not sufficient to support a finding for the plaintiff."

The court allowed defendant's first request and denied the second and third requests.

The court found as follows: "I find as a fact Robert E. Gallagher was negligent in the light of all the circumstances and that such negligence was the sole cause of the accident."

There are many cases in the reports of claims for injuries which have resulted from the door of a public conveyance closing on a passenger's hand. Some of these injuries occurred in taxi cabs. *Intriligator v. Goldberg,* 299 Mass. 333; *Vogel v. Leiseo,* 300 N.Y.C., 180. Others occurred on subway trains. *Tracy v. Boston Elevated Railway,* 217 Mass. 569; *Hines v. Boston Elevated Railway,* 198 Mass. 346. In these cases the court considered that the occurrence was an unfortunate accident for which no one was responsible. In *Intriligator v. Goldberg,* 299 Mass. 333, the court held that while defendant carrier is under a duty to use the highest degree of care required by the circumstances, "he was not bound to anticipate every possible peril which might threaten her [plaintiff]. He was not an insurer nor was he bound to foresee the impossible or highly improbable." In this same case, the court held that when a passenger puts his hand on the center post and the door is closed on his fingers, this is an unusual happening which defendant is not bound to anticipate.

None of the cases cited involved blind passengers.

Does that differentiate them from the present case, so as to call for a different result?

The notable decline in the manners of cab drivers does not necessarily import negligence toward their patrons. There obviously is a limit to the personal attention which a taxi operator can give to his passengers even though blind. Is he under obligation to pilot each one to his seat, making sure that he does not stub his toe or bump his head getting into the cab or place his hand on the center post where it may be injured if somebody else inadvertently closes the door? While an agent of a common carrier should, wherever possible, be watchful of blind passengers, the likelihood of the passengers being injured in the manner here described cannot fairly be said to be such that the agent should anticipate it. If not, his failure to take positive steps to prevent it is not negligence. The fact that plaintiff changed his seat at the request of the operator does not affect the question of liability.

The denial of the second and third requests was error. Finding for plaintiff is to be vacated and a finding entered for defendant.

George Broomfield, for the plaintiff.

Donald Gillis, for the defendant.