Francis Fournier *vs.* Central Taxi Cab, Inc. & another.

Suffolk.   February 2, 1954. — March 31, 1954.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Williams, JJ.

*Taxicab. Negligence,* Taxicab. *Evidence,* Judicial notice.

There can be no judicial notice of municipal ordinances.
Evidence of the circumstances attending the injuring of the fingers of a
    totally blind passenger for hire of a taxicab by the closing of the right
    rear door of the cab by another passenger, not completely blind,
    while the operator of the cab was at its left side assisting a blind
    woman to enter it and the injured passenger was moving from the
    rear to the front seat at the operator's request to make room for the
    woman, did not warrant a finding that the operator was negligent,
    although he knew the injured passenger was blind.

Tort.   Writ in the Municipal Court of the Charlestown
District dated May 28, 1952.

The action was heard by *Crehan, J.*

*John F. McAuliffe,* (*George Broomfield* with him,) for the
plaintiff.

*Donald D. Gillis,* (*W. Warren Jump* with him,) for the
defendants.

Lummus, J.   The plaintiff brought in a District Court
this action of tort against the Central Taxi Cab, Inc., and
its servant and driver, Robert E. Gallagher.   In response
to a telephone call from the plaintiff, Gallagher drove his
cab to a place where were waiting the plaintiff, who was
totally blind, two men who also were totally blind, a woman
who was totally blind, and one Gildea who had only two
per cent light perception.   The plaintiff, Gildea, and another
man got into the rear seat without assistance, while another
man got into the front seat.   Gallagher led the blind woman
to the left side of the cab, and in order to make a place for
her, Gallagher asked the plaintiff to leave the rear seat and
get into the front seat.   The plaintiff and Gildea both got

out of the rear seat by the rear door on the right side of the cab. When the plaintiff was reaching for the handle of the front door Gildea accidently closed the rear door which shut on the plaintiff's fingers.

The judge denied rulings requested by the defendants to the effect that Gallagher could not be found negligent, and found for the plaintiff. The Appellate Division vacated that finding and ordered judgment for the defendants. The plaintiff appealed.

The plaintiff asked the judge to take judicial notice of municipal ordinances to the effect that a taxicab operator shall not carry a new passenger until the prior passenger shall have discharged him, and that a taxicab operator shall not drive his cab with more than one passenger in the front seat. We need not consider whether these ordinances apply to the case. Neither a trial judge nor this court can consider such alleged ordinances unless they are put in evidence. *Forbes* v. *Kane*, 316 Mass. 207, 210. *Gaunt* v. *Board of Appeals of Methuen*, 327 Mass. 380, 381. *Dos Santos* v. *Peabody*, 327 Mass. 519, 521. *Boyle* v. *Building Inspector of Malden*, 327 Mass. 564, 566. *Sunderland* v. *Building Inspector of North Andover*, 328 Mass. 638, 641.

The plaintiff, by becoming a passenger for hire in the taxicab, became entitled to the highest degree of care required by the circumstances to protect him from injury. *Intriligator* v. *Goldberg*, 299 Mass. 333, 335. *Guinevan* v. *Checker Taxi Co.* 289 Mass. 295, 297. But the defendants did not insure his safety, and they were not bound to guard him against highly improbable harm. It is true that the defendants knew that he was blind, but he made no request for aid from Gallagher, and there was no evidence that he needed aid. *Tefft* v. *Boston Elevated Railway*, 285 Mass. 121, 124. It did not appear that Gallagher had any reason to suppose that Gildea also would get out of the cab. Gallagher quite properly was on the left side of the cab, assisting the blind woman, and obviously could not see what was happening to the plaintiff. This is the opinion of a majority of the court.

*Order of Appellate Division affirmed.*