*Northern District*
No. 5945
**HELEN LEWIS**
v.
**GREENE TAXI SERVICE, INC.**

*Present*: Brooks, P.J., Eno, Parker, JJ.

Case tried to *Welch, J.* in the Municipal Court of Charlestown, No. 13584.

*Brooks, P.J.* This is a suit in tort for injury to plaintiff's hand caused by its being caught in the door of defendant's taxi cab from which plaintiff was alighting. Defendant's answer was general denial and contributory negligence.

*The evidence material to the issues of defendant's negligence and plaintiff's contributory negligence was substantially as follows:*

Plaintiff and her sister had been passengers in defendant's cab. On arriving at plaintiff's house the cab driver slid from the driver's seat to the center of the front seat, reached over the back of the seat and collected both fares from the sister. The sister then opened the right rear door, alighted and was walking toward plaintiff's house.

Meanwhile, plaintiff with a shopping bag in her right hand and bundles under both arms alighted from the cab also by the right rear door. When she got out she placed her

left hand on the door frame to balance herself. While she was in that position the cab door closed on her left thumb and hand. While plaintiff was getting out, the cab driver remained in the middle of the front seat. He noticed the plaintiff was carrying bundles but he did not offer to assist her. Neither did he touch the door nor start the car. There was no one else nearby.

At the close of the trial both parties offered requests for rulings. Plaintiff's requests Nos. 1, 2, 3, and 4 were allowed. Request No. 5 was denied in the following language:

"Inapplicable to facts found. I find the driver of the defendant's taxi cab after he stopped cab remained in the front seat after he 'slid' over to take his fare from plaintiff's sister. He remained in this position in the middle of the front seat with his right arm resting on the back of the seat and observed the plaintiff alighting from the rear seat with many bundles under her both arms. I further find the driver was in a position to hold or close the door but did not do so or attempt to do so, prior to the door closing on plaintiff's thumb and index finger causing severe and painful injuries to same. I further find defendant's agent failed to retain the door under his control to prevent same from closing on the plaintiff. I further find defendant failed to take reasonable precaution to see that the plaintiff would alight in safety."

Defendant's requests Nos. 1, 2, 3 and 4 which were denied, are as follows:

(1)  The evidence does not warrant a finding for the plaintiff.

(2)  The evidence requires a finding for the defendant.

(3)  The evidence requires a finding that the defendant's driver did not close or move to close the door of the defendant's cab on the plaintiff's thumb or fingers and a finding for the defendant is required.

See: *Intriligator v. Goldberg*, 299 Mass., page 333.

(4)  The evidence shows that the closing of the defendant's cab door on the plaintiff's thumb or fingers was not done by the defendant's driver and therefore the court's finding must be for the defendant.

The court also found the following facts:

"I find the plaintiff exercised due care at all times. Upon all the evidence and the reasonable inferences to be drawn therefrom, I find the defendant as a carrier failed to use the highest degree of caution in looking forward to and preventing injury to plaintiff who was a passenger in the defendant's taxi at the time she was injured. The defendant failed to exercise due care and/or such diligence as would be exercised in the circumstances by a reasonable prudent carrier. I find defendant was negligent."

Since defendant claimed to be aggrieved only by these particular allowances and denials they alone are herein set forth.

It is not contended by defendant that plaintiff was negligent. Defendant agrees that despite her failure to pay fare and des-

pite having alighted, plaintiff was still a passenger and entitled to the highest degree of care consistent with the efficient operation of defendant's business. *Intriligator v. Goldberg*, 299 Mass. 333. *Fournier v. Central Taxi Inc.*, 331 Mass. 248-249.

The issue is to what extent a taxi driver should bestir himself on behalf of a passenger in the act of alighting from the cab.

■ The cab driver in the case before us did little or nothing to aid plaintiff to alight. On the other hand there is no evidence he did anything to cause the door to close. The issue comes down to the question whether under the circumstances of this case the driver had a legal duty to get out of his cab and hold the door open or control it from inside.

Time was when it was the practice for the cab driver to open the door both when the passenger entered and left the cab. Those also were the days when the driver did not smoke in the cab. Unhappily those days are no more. Except here and there the passenger has to fend for himself. The age of chivalry, in this field at least, is dead.

Our Supreme Court has said that in general there is no duty on the carrier to assist passengers in alighting from the vehicle where no request for assistance is made and the necessity therefor is not apparent. *Tefft v. Boston El. Ry.*, 285 Mass. 121. Here, the plaintiff asked for no help in getting out of the cab. She apparently needed none. At any rate her companion did not seem to think

so for she offered no assistance to plaintiff after she herself alighted and walked to the house.

Indeed it should not be inferred that had the cab driver been standing by the door the accident would not have happened. He did not have to anticipate that the door would close without apparent reason. Despite his active assistance plaintiff might well have placed her hand on the door frame. Nor would the driver necessarily be negligent in not advising her to keep her hand clear of the door. Were he negligent on that score she would be equally negligent in placing her hand in a potentially dangerous spot, a fact as apparent to her as to him. There was no evidence that the bundles contributed to the accident. Just before the door closed she obviously had one hand free.

While cases cited by defendant are of a somewhat different nature, namely, injury to passengers alighting from street cars, they show little, if any, tendency on the court's part to place on defendant's employee the burden of personally assisting the passenger. *Fournier v. Central Taxi Inc.,* 331 Mass. 248; *Gatchell v. Boston El. Ry.,* 238 Mass. 185. *Laughton v. Mason,* 345 Mass. 764.

It might be thought that this case was governed by numerous decisions holding that mere conjecture is not proper basis for recovery. Plaintiff, however, proceeds on an entirely different theory, namely, that there is a positive duty on a common carrier to pro-

tect passangers from potential dangers, such as the unexpected closing of a taxi door. Doors do not close without reason, but when there is nothing to indicate what the reason is, (the court here found specifically that the driver did nothing to cause the door to close), we are not disposed to hold that the degree of care legally prescribed for a common carrier goes to the extent here urged by the plaintiff.

Language in the court's opinion in *Mahoney v. The Great Atlantic & Pacific Tea Company*, 269 Mass. 459 is apposite to this case, although the facts are somewhat different. There a sled used by defendant's employees for deliveries was leaning against a three-foot radiator in the front of defendant's store. While plaintiff was standing two or three feet from the sled, it fell against her. The court said at p. 460:

"We are unable to find any evidence showing negligence of the defendant. It was required to furnish a reasonably safe place for the use of those invited to its premises. *Nye v. Louis K. Liggett Co.*, 224 Mass., 401; but there is nothing to show that the store was unsafe or that there was negligence in permitting the sled to remain leaning against the radiator; and nothing to show that the sled was likely to fall or that it was in an unsafe place. No agent of the defendant touched the sled or by any act caused it to fall. The mere fact that it fell, in the circumstances shown in this record, was not evidence of negligence . . . . . .
All that appears is that the sled fell and injured

the plaintiff. This fact, with all the inferences to be fairly drawn from it, does not establish negligence."

We do not think in the case before us that plaintiff has established negligence.

We hold accordingly that there was error in the granting of plaintiff's Request No. 1, and in the denial of defendant's Requests Nos. 1, 2, 3, and 4.

*The finding for the plaintiff is to be vacated and judgment is to be entered for defendant.*

Joseph W. Breen, of Boston, for the Plaintiff.

John T. Donahue, of Boston, for the Defendant.

### *Western District*