CHARLES A. MINNEFOR *vs.* TOWN TAXI, INC.

Suffolk.    December 10, 1975. — January 20, 1976.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Taxicab.    Negligence,* Taxicab.

In an action of tort, evidence of the circumstances in which the fingers of a taxicab's passenger were injured when another passenger closed the door of the taxicab did not warrant a finding that the operator of the taxicab was negligent. [45-46]

TORT. Writ in the Superior Court dated June 16, 1970. The action was tried before *Linscott,* J.

*Francis J. McDonald* for the defendant.
*C. Peter R. Gossels* for the plaintiff.

HALE, C.J.    The plaintiff brought this action of tort against Town Taxi, Inc. (Town) and one Qualls, a fellow

passenger of the plaintiff in one of Town's taxicabs. The
case was tried before a jury, who returned a verdict for the
plaintiff against Town and a verdict for Qualls. Town ap-
peals from the judgment entered on a verdict for the plain-
tiff, contending that it was error for the judge to have de-
nied its motion for a directed verdict and for judgment
notwithstanding the verdict.

We summarize the evidence in the light most favorable
to the plaintiff. The plaintiff came to Boston on September
22, 1968, to seek medical treatment. He and his wife met
Qualls at their motel and agreed to share a cab to take
them to a restaurant. The cab was parked approximately
twenty feet from the motel doorway. The cabdriver, who
had an opportunity to observe the plaintiff as he and his
wife walked from the motel door to the right rear door of
the cab, noticed that the plaintiff walked "slowly and care-
fully."

The plaintiff suffered from severe arthritis of the right
hip. His right leg was shortened and had "very little
strength." Because of those conditions the plaintiff, as he
demonstrated to the jury, usually entered an automobile
by first seating himself and then, while holding onto some-
thing, such as the center post, with his left hand, drawing
his right leg into the automobile with his right hand.

The plaintiff's wife entered the cab first through the left
rear door. While the cabdriver turned around and asked
her for their destination, the plaintiff began to enter the
cab through the right rear door, employing his usual method.
Qualls entered through the right front door of the cab and
sat down next to the driver. Qualls, a large man, blocked
the driver's view of the plaintiff. Neither Qualls nor the
plaintiff said anything to alert the driver that the plaintiff
was holding the center post. Qualls closed the front door
of the cab, catching the fingers of the plaintiff's left hand
between the door and the post, injuring them.

The trial judge's refusal to allow the motion for judg-
ment notwithstanding the verdict was error. *Fournier* v.
*Central Taxi Cab, Inc.* 331 Mass. 248 (1954), closely re-

sembles the present case. The plaintiff in that case was one of a group of four blind people and one nearly blind person who called for a cab. While the driver was leading one of the members of the group to the left side of the cab, he asked the plaintiff to move from the rear seat to the front seat. The plaintiff got out of the cab and as he reached for the front door handle on the right side of the cab, the nearly blind person closed the rear door on the plaintiff's fingers. The court upheld an order directing a verdict for the defendant. "The plaintiff, by becoming a passenger for hire in the taxicab, became entitled to the highest degree of care required by the circumstances to protect him from injury ... But the defendants did not insure his safety, and they were not bound to guard him against highly improbable harm." *Fournier* v. *Central Taxi Cab, Inc.* 331 Mass. 248, 249 (1954). The court found that, although the driver in *Fournier* knew the plaintiff was blind, the plaintiff had not sought aid from the driver, and it was not apparent that he needed aid. The driver in that case had not been in a position to observe the accident that caused the plaintiff's injury.

The facts in the present case are like those in *Fournier* in all material respects. Even if the jury could have found that the cabdriver was aware of the plaintiff's walking disability, the plaintiff made no request for the driver's aid. The highly improbable sequence of events that led to his injury was not foreseeable and did not give rise to a duty on the part of the driver to give warning to the other passenger or to otherwise restrain him from closing the door. *Intriligator* v. *Goldberg,* 299 Mass. 333, 335-336 (1938). See anno. 42 A.L.R. 2d 1190, 1195-1197 (1955). The cases cited by the plaintiff, *Holton* v. *Boston Elev. Ry.* 303 Mass. 242 (1939) (bus operator held liable for injuries caused by intoxicated passenger where there was sufficient opportunity to observe the behavior of the passenger), and *Brown* v. *Metropolitan Transit Authy.* 341 Mass. 690 (1961) (injuries due to dangerous condition at bus stop), are distinguishable. The judgment against Town Taxi, Inc. is re-

versed, and the verdict against it is set aside. Judgment is to be entered for Town Taxi, Inc.

*So ordered.*