COMMONWEALTH *vs.* YURI R. RUSHIN.

No. 01-P-396.

Suffolk. September 6, 2002. - November 21, 2002.

Present: GRASSO, KANTROWITZ, & COWIN, JJ.

*Search and Seizure,* Automobile, Arrest. *Constitutional Law,* Search and seizure. *Municipal Corporations,* By-laws and ordinances.

This court concluded that the Commonwealth had no obligation to introduce a certified copy of a city ordinance that a criminal defendant allegedly had violated, and which provided the basis for his arrest and the seizure of evidence, where there was sufficient oral evidence to establish the existence and content of the ordinance. [516-518]

COMPLAINT received and sworn to in the Boston Municipal Court Department on September 21, 1998.

A pretrial motion to suppress evidence was heard by *Patricia E. Bernstein,* J., and the case was tried before *Sally A. Kelly,* J.

*David J. Barend* for the defendant.

*Stacy J. Silveira,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. Paring the case to its core, we are left with the following: during a hearing on a motion to suppress, was the Commonwealth required to introduce a certified copy of the city ordinance that the defendant allegedly had violated, and which provided the basis for his arrest and the seizure of evidence? We hold that the government had no such obligation, as there was sufficient oral evidence to establish the existence and content of the ordinance.

*Background.* The defendant was convicted of unlawfully carrying a firearm, G. L. c. 269, § 10(*a*), and unlawfully possessing ammunition, G. L. c. 269, § 10(*h*). On appeal, he claims that (1) his motion to suppress evidence should have been allowed; and (2) the trial judge's jury instruction on constructive possession was erroneous. We affirm.

*Facts.* At a hearing conducted pursuant to the defendant's motion to suppress evidence, the following facts were established. Shortly after midnight on September 19, 1998, Boston police Officer Joseph Horton drove his cruiser onto the Carter School parking lot, a site of car break-ins in the past. A sole motor vehicle sat in the lot, backed in next to a dumpster. Pulling in front of the car, the officer noticed two men seated inside. Yuri Rushin, the defendant, was in the passenger seat, "drinking out of a Budweiser can." Stepping from his cruiser, Horton saw Rushin lean "forward as if he was putting something on the floor." Concerned for his safety, Horton called for back-up. After other officers arrived, the defendant was arrested for "drinking an alcoholic beverage in a motor vehicle," in violation of a city ordinance. During a subsequent search incident to arrest, a loaded Glock nine millimeter handgun was found partially underneath the seat Rushin had occupied. On the seat was a knife. After receiving Miranda warnings, Rushin admitted the gun was his.

At the conclusion of the hearing, the defendant, citing *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36 (1985), asserted that the Commonwealth's failure to introduce a certified copy of the city ordinance was fatal to its case in that the Commonwealth had failed to demonstrate a legal basis justifying the arrest.[1]

*The motion to suppress.* Here, the officer testified that he witnessed the defendant drinking from a Budweiser can while sitting in a car, which was a violation of a city ordinance. Having, he believed, a right of arrest,[2] he exercised it. That the gun was discovered pursuant to that arrest may be justified as a search incident thereto. See *Commonwealth* v. *Madera*, 402 Mass. 156, 159 (1988).

Sufficient evidence of the basis for the defendant's arrest, in the form of the officer's recitation of the ordinance, existed before the court to justify the officer's actions. The defendant

---

[1] In dictum, *Perretti* counsels that "[t]he defendant is correct in asserting that the ordinance was not put in evidence and must, therefore, be disregarded." *Commonwealth* v. *Perretti*, *supra* at 40.

[2] General Laws c. 272, § 59, authorizes an arrest for a violation of an ordinance.

was entitled to attack that testimony, and it was permissible for either party to enter in evidence a copy of the ordinance.[3] That no one did, however, is not fatal to the Commonwealth's case. The court was not required to view a copy of the ordinance.[4]

*Commonwealth* v. *Perretti, supra,* does not counsel otherwise. In that case, a police officer testified that he saw the defendant "standing about twelve to eighteen inches from an uncurtained window of a basement apartment and that the defendant was peering into the window. His belt was unbuckled, his trousers were unbuttoned and unzipped. He wore no underwear, and his hands were in front of his groin area. . . . The judge concluded that, when [the officer] saw the defendant 'peering into the window of a house in the early morning hours with his pants open and in disarray,' he had probable cause to arrest him." *Commonwealth* v. *Perretti, supra* at 38-39.

Perretti was arrested for "peeping-and-spying" and possession of marijuana. Unlike the case at bar, it appears that there was no evidence whatsoever, either in oral or documentary form, before that court that "peeping-and-spying" was a violation of a city ordinance. Apparently neither the officer testified to it, nor did the Commonwealth offer the· ordinance in evidence.[5]

In these circumstances, the court in *Perretti* concluded that

---

[3]An example of the efficacy of such an undertaking would entail an officer testifying that he had effectuated an arrest due solely to an ordinance violation and the defendant introducing evidence that no such ordinance existed or that the actions of the defendant were not within the scope of the ordinance. In such an instance, probable cause to arrest would be lacking.

[4]"[C]ourts, unless municipal courts, do not take judicial notice of municipal ordinances and by-laws." *Mahar* v. *Steuer,* 170 Mass. 454, 456 (1898). As the Boston Municipal Court is just that, *Maher* theoretically applies, which could resolve the matter. However, there is no record indication that the motion judge took judicial notice of the ordinance. Moreover, given some uncertainty on the issue, see *Fournier* v. *Central Taxi Cab, Inc.,* 331 Mass. 248, 249 (1954) ("[n]either a trial judge [of the Municipal Court of the Charlestown District] nor this court can consider such alleged ordinances unless they are put in evidence"), we do not decide the case on this ground.

[5]A review of the *Perretti* briefs reveals that the defense brief did not even mention "ordinance." Rather, it argued that the observations of the police did not amount to probable cause to arrest the defendant for the commission of a crime. The Commonwealth, possibly recognizing the validity of the defendant's argument, asserted, seemingly for the first time, that "peeping-and-spying" was a violation of a city ordinance. The defendant successfully

probable cause to arrest could not be based on the ordinance. *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. at 40. The defect in *Perretti*, therefore, was that the content of the ordinance was not introduced in any form. Here, conversely, there was evidence before the court concerning the content of the ordinance in question in the form of the officer's testimony.[6] Contrary to the defendant's implicit claims, *Perretti* says nothing about the specific form of evidence required to establish the content of an ordinance in these circumstances. Sufficient evidence existed here to justify the arrest.[7,8]

*Judgments affirmed.*

---

moved to strike a copy of the ordinance, which the Commonwealth included in an addendum to its brief. *Commonwealth* v. *Perretti, supra* at 38 n.4.

[6]It should be noted that as justification for its dictum, see note 1, *supra*, *Perretti* cited two civil cases — *Gaunt* v. *Board of Appeals of Methuen*, 327 Mass. 380, 381 (1951), and *Lawrence* v. *Falzarano*, 7 Mass. App. Ct. 591, 597-598 (1979), *S.C.*, 380 Mass. 18 (1980) — which hold that a court cannot take judicial notice of an ordinance and that, as such, the ordinance needs to be put in evidence. We note that the evidentiary rules of civil trials are different from those applicable to criminal motions to suppress.

[7]The Commonwealth asserts that even disregarding the ordinance, the officer had a reasonable basis to conduct a threshold inquiry. *Commonwealth* v. *Thibeau*, 384 Mass. 762, 763 (1981). The specific and articulable facts, see *Commonwealth* v. *Silva*, 366 Mass. 402, 405 (1974), justifying the inquiry, included a high crime area, late at night, in an area where no other cars were present, with the defendant drinking an alcoholic beverage and suspiciously leaning down (to where the gun was eventually found). Given our holding, we need not address the sufficiency of this evidence.

[8]The defendant's second argument, that an unobjected-to jury instruction on constructive possession was faulty, also fails. Even if error, which we do not decide, there was not a substantial risk of a miscarriage of justice given evidence that the officer saw the defendant lean down to where the gun was located, coupled with the defendant's admission of its ownership.