JULIUS ISENBERG *vs.* NEW YORK, NEW HAVEN, AND HARTFORD
RAILROAD COMPANY.

Suffolk.  March 10, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Railroad. Carrier,* Of passengers. *Assault and Battery.*

When on a railroad train the conduct and speech of one passenger toward another
is such that violence is likely to result unless some action is taken to prevent it,
and the railroad corporation has reasonable notice of the situation and has
the opportunity to take measures to prevent the impending violence, it becomes
the duty of the corporation to protect the threatened passenger and to see that
no harm comes to him.

When a passenger on a railroad train has complained to the conductor that an-
other passenger in the same car has been insulting and annoying him and threat-
ening him with violence and after the conductor has left the car a trainman
enters it and, seeing what is going on, asks the troublesome passenger to leave
the quiet passenger alone and to cease bothering him, and the troublesome pas-
senger says to the trainman "Get out of here," whereupon the trainman at
once goes away into another car or compartment and the troublesome passen-
ger then assaults the quiet one, striking him in the face with his fist, knock-
ing him over and causing his head to bleed, the assaulted passenger on these facts
is entitled to go to the jury in an action against the corporation operating the
railroad for permitting the assault and battery.

TORT for permitting an assault and battery to be committed
upon the plaintiff when he was travelling from Boston to Bridge-
water as a passenger on a railroad train of the defendant on June
25, 1912.  Writ dated November 5, 1912.

In the Superior Court the case was tried before *Brown,* J.  At
the conclusion of the plaintiff's testimony by agreement of counsel
both parties rested, and it was agreed that Peters, mentioned in
the opinion, who committed the assault had been discharged by
the defendant on May 10, 1912, and was not at the time of the
assault an employee of the defendant nor entitled to travel on a
pass from the defendant, although he was travelling upon such a
pass.  The facts that could have been found upon the plaintiff's
testimony are stated in the opinion.  The judge ordered a verdict
for the defendant and reported the case for determination by this
court with a stipulation of the parties that, if the ordering of

the verdict was wrong, judgment was to be entered for the plaintiff in the sum of $300.

*S. L. Bailen,* for the plaintiff.

*A. W. Blackman,* for the defendant.

CARROLL, J.  The facts were substantially as follows.  The plaintiff, while a passenger on one of the defendant's trains, was assaulted and injured by another passenger who was formerly, but not at the time of the assault, in the employ of the defendant.  The name of this passenger was Peters.

The plaintiff occupied a front seat in the smoking compartment of a combination baggage and smoking car.  Shortly after the train started, Peters began annoying and threatening damage to the plaintiff.  As the conductor came through the train, the plaintiff complained to him of Peters' conduct.  The conductor looked at Peters, but said nothing to him, and Peters ceased further to annoy the plaintiff while the conductor was in the car.  As soon as the conductor passed to another car, Peters again began to threaten violence to the plaintiff and to indicate that he would destroy his baggage.  Thereupon a man with a "uniform of the train," whom the jury could find was a trainman in the employ of the defendant, came from the baggage compartment, and seeing what was going on asked Peters to let the plaintiff alone and to cease bothering him.  As he said this, Peters told the trainman to "Get out of here," and the trainman at once went away into another car or compartment.  Immediately on the departure of the trainman Peters renewed the threats of violence, tore up the paper the plaintiff was reading, and as the plaintiff was moving to another seat to get away from him, Peters struck him in the face with his fist, knocking him over and causing his head to bleed.

The principle which governs this class of cases is well settled.  A common carrier is not bound to anticipate every possible peril which may happen to its passengers.  It is not, as frequently has been said, an insurer of their safety and security.  It is not obliged to foresee the impossible or highly improbable, and it is not called upon under ordinary circumstances to expect that one passenger will assault another; or that because one passenger is engaged in frolic or sport with another, such conduct will result in injury to one of them.  But where the circumstances are such and the

conduct, speech or manner of one passenger toward another indicates that violence or harm is likely to result, and the carrier has reasonable notice of such circumstances and conduct, and has the opportunity to take measures to prevent the threatened violence, then it becomes its duty to protect the threatened passenger and see that no harm comes to him.

If there was nothing in the way of knowledge of the disturbance brought home to the defendant except what was known to the conductor, it well might be claimed that there was nothing in the evidence to show that a recurrence of the trouble might be expected. But there was further evidence when the trainman, or one whom the jury could find to be such, came upon the scene and knew the plaintiff's complaints and saw the attitude and conduct of Peters and heard his speech, and did nothing to prevent a further outbreak. It then became a question for the jury whether in view of all the circumstances, the defendant complied with the obligation resting upon it of using the highest degree of caution in looking forward to and preventing injury to passengers from all sources, which is consistent with its undertaking. *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497. *Nute* v. *Boston & Maine Railroad*, 214 Mass. 184. *Hull* v. *Boston & Maine Railroad*, 210 Mass. 159.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $300.

*Ordered accordingly.*