DORIS N. FISKE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 16, 1935. — February 26, 1935.

Present: CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Street railway: dog in car.  *Dog.*

A finding of negligence on the part of the defendant was not warranted at the trial of an action against a street railway company for personal injuries sustained by a passenger on one of the defendant's cars when he was bitten by an unattended dog, where, even if there was evidence that the presence of the dog in the car was a probable source of harm

to the passengers in the circumstances, it did not appear that the employees of the defendant in charge of the car knew or, in the exercise of proper care, should have known of the presence of the dog before the time when the plaintiff was bitten.

There being no evidence, at the trial above described, of the circumstances attending the stopping of the car at a certain subway station where the dog entered the car, which was a station previous to the one where the plaintiff entered it, and no evidence that there were so few passengers in the car that the dog, which was lying on the floor before the time when it bit the plaintiff, was in sight of the defendant's employees, an inference was not warranted that, in the exercise of proper care, they should have known of the dog's presence in the car before that time; such an inference was not warranted by the mere presence of the dog or by common knowledge of the way in which the defendant's cars were operated in the subway.

TORT. Writ in the Municipal Court of the City of Boston dated January 19, 1934.

The action was heard in the Municipal Court by *Brackett,* J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $500 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*M. P. Spillane, C. C. Cabot, & F. W. Crocker,* for the defendant.

*C. L. Newton, B. L. Hill, & J. K. Carter,* for the plaintiff.

FIELD, J. This is an action of tort brought in the Municipal Court of the City of Boston to recover compensation for personal injuries resulting to the plaintiff from being bitten by a dog while she was riding in one of the defendant's subway cars. The defendant requested rulings of law, including rulings that upon all the evidence "the defendant was not negligent" and "the defendant violated no duty owed to the plaintiff," and that on each of these grounds "a finding must be made for the defendant." The judge refused to rule in accordance with these requests, there was a finding for the plaintiff, and the refusal of the judge to rule as requested was reported to the Appellate Division, which ordered the report dismissed. The defendant appealed.

The report states that it contains "all the evidence mate-

rial to the questions of law raised" and sets forth such evidence as follows: "There was evidence tending to show that the plaintiff boarded a west bound center entrance car owned and operated by the defendant at Park Street and paid her fare.  Thereafter while a passenger on said car she was bitten by a medium sized unattended whippet dog, which had boarded the street car at the defendant's subway station at Scollay Square. The defendant's agents and servants in charge of said car did not know of the presence of this dog in the car until the time when the plaintiff was bitten.  The defendant had a rule which provided that small dogs were allowed on cars provided they were not permitted to annoy passengers.  At the time of the injury the dog was lying on the floor of the car near the plaintiff and suddenly, while she was looking at the dog, he jumped at her face.  She put out her hand to protect herself and the dog bit her finger.  It later turned out that the dog was rabid.  The evidence was contradictory as to how many passengers were on the street car at the time of the accident."

The denial of the defendant's requests for rulings above stated was error.

The defendant as a common carrier owed to a passenger the duty to exercise reasonable care in the circumstances, which, because of the nature of the carrier's undertaking and the relation between the carrier and its passenger, is a high degree of care. *Fitzgerald* v. *Boston Elevated Railway*, 274 Mass. 287, 289.  A finding that the defendant violated this duty and, consequently, was negligent could not have been made unless the evidence showed that the presence of the dog in the car, in the circumstances, was a probable source of harm to passengers (*Andrews* v. *Jordan Marsh Co.* 283 Mass. 158, 161, 162), and that the defendant failed to exercise the requisite degree of care to forestall injuries to passengers by such dog by excluding it from the car or otherwise.  See *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497.  Apart from the effect, if any, of the defendant's rule in regard to dogs, there was no evidence in support of either of these essential elements of proof.  And

even if we assume, as we do not decide, that the defendant's rule in regard to dogs was some evidence that the presence of this dog in the car was a probable source of harm to passengers, though its dangerous propensities were unknown (*McNeil* v. *New York, New Haven & Hartford Railroad,* 282 Mass. 575, 577), its presence in the car without the knowledge or fault of the defendant's agents or servants would not warrant a finding of negligence. See *Isenberg* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 182, 184. It does not appear that any of the defendant's agents or servants knew before the plaintiff was bitten that the dog was in the car. And there was no evidence from which it could have been inferred that, in the exercise of the requisite degree of care, they should have known. Neither the presence of the dog nor common knowledge of the way the defendant's cars were operated in the subway warranted such an inference. And there was no evidence of the circumstances attending the stopping of the car at the Scollay Square station, where the dog entered the car. Furthermore, though the report recites that the evidence was contradictory in regard to the number of passengers on the car at the time of the accident, nothing in the evidence reported — which is all the material evidence — tends to show that there were so few passengers that the dog when lying on the floor of the car was in sight of the defendant's agents or servants. Negligence of the defendant, therefore, was not shown to be the reasonably probable explanation of the plaintiff's injury. *Young* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 567, 570.

The order of the Appellate Division dismissing the report is reversed and the finding for the plaintiff vacated, and since a correct disposition of the defendant's requests for rulings would have disposed of the case in favor of the defendant, judgment is to be entered for the defendant. G. L. (Ter. Ed.) c. 231, §§ 124, 141. *Beggelman* v. *Romanow,* 288 Mass. 14, 20.

*So ordered.*