VICTOR RINE *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Suffolk.    December 8, 1944. — January 4, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & SPALDING, JJ.

*Negligence*, Obnoxious person; Street railway: obnoxious person.

Failure of the operator of a motor bus to adopt available measures to avert a second assault on a passenger by a drunken fellow passenger which was the natural and ordinary culmination of a series of acts by such fellow passenger within the hearing and knowledge of the operator during an appreciable length of time, including profane and insulting remarks and the perpetration of the first assault followed by threats of the second assault, warranted a finding of negligence of the operator rendering the proprietor of the bus liable to the assaulted passenger for personal injuries sustained in the second assault.

TORT. Writ in the Superior Court dated October 21, 1940.

The case was tried before *Broadhurst,* J.

*S. Parsons,* for the defendant.

*R. J. Hartford,* for the plaintiff.

RONAN, J. The plaintiff and thirty to thirty-five other persons became passengers upon a bus of the defendant at its terminal in Boston for the purpose of being transported to Lynn. The plaintiff sat on the inside of a cross seat. One Berg occupied the outside of the seat. Soon after the bus started, Berg, who had been drinking, became sleepy and rested his head upon the plaintiff's shoulder. Although the plaintiff protested, Berg repeated the act and addressed profane and insulting language to the plaintiff. While the plaintiff was leaving the seat to go forward in the bus to inform the operator of what had happened, Berg struck him. The plaintiff told the operator that Berg had struck him, and requested the operator to stop Berg from insulting him. He was advised by the operator not to create any disturbance and was directed to a seat in the forward part of the bus which he thereafter occupied until he left the vehicle. According to the operator, he had heard an argument between Berg and the plaintiff and had noticed them in the mirror which hung in front of him. He stopped the bus half way between Boston and Lynn, went to where they were seated, and had the plaintiff go to a forward seat. But after the plaintiff had changed his seat, whenever it was, Berg continued his insulting remarks and stated that he would get off at the same stop as the plaintiff and "I will get you then." As the plaintiff was preparing to leave the bus, Berg ran to the forward part of the bus and struck the plaintiff, who became dizzy, fell out of the bus and landed in the gutter. The operator heard and saw the actions of Berg. We have mentioned the material facts which the jury could find from the evidence. The single exception of the defendant is to the denial of its motion for a directed verdict. The jury returned a verdict for the plaintiff.

The governing principles of law defining the duty of the

defendant, a common carrier, to carry its passengers in safety and security to their destinations and to take reasonable measures to protect them from such harmful misconduct from other passengers as the carrier ought to have foreseen and guarded against have been fully stated in recent decisions. We need not repeat what was there said. *Holton* v. *Boston Elevated Railway*, 303 Mass. 242, 247. *Rich* v. *Boston Elevated Railway*, 316 Mass. 615, 618–620. There is here more than an unexpected, sporadic act of a single individual. The evidence was ample to show that the second assault upon the plaintiff, while he was a passenger, was the natural and ordinary culmination of a series of acts, including profane and insulting remarks and the perpetration of one assault followed by threats of another, all of which occurred within the hearing and knowledge of the operator and over such an appreciable length of time as to afford him an opportunity to take appropriate measures to protect the plaintiff from the harmful consequences that he was likely to incur. The jury could have found that the failure in these circumstances of the operator, who testified that he "did not think it was his duty to protect the plaintiff," to adopt such means as were available to avert the threatened danger to the plaintiff was a breach of duty which the defendant owed the plaintiff and resulted in the personal injuries for which the defendant could properly be held responsible.

*Exceptions overruled.*