*Southern District*

**BORRE R. LARSEN**
and
**GLORIA A. LARSEN**
v.
**HENRY VAN GEMERT, JR.**

*Present:* Nash, P. J., Welch & Sgarzi, JJ.

Case tried to *Murphy, J.,* in the District Court of Western Norfolk. No. 17,203.

*Sgarzi, J.* This is an action of contract with a declaration in three counts. The first count alleges breach of a written warranty in the construction of a dwelling in accordance with certain requirements of the Administrator of Veterans' Affairs. The second count alleges breach of an oral agreement to place fill upon the premises of the plaintiffs. The third count seeks recovery of damages because of a defective cesspool upon premises purchased by the plaintiffs from the defendant. The answer sets up various defenses including denial of the breach of the warranties alleged, a claim of full compliance with the requirements of the Administrator of Veterans' Affairs, acceptance by the Administrator of the premises involved, and the claim that the condition complained of was caused by the plaintiffs themselves.

The judge allowed no recovery on Counts one and two but allowed recovery on Count three based upon an implied warranty.

*There was evidence that* the defendant

constructed a house within the requirements of specifications of the Administrator of Veterans' Affairs so as to qualify for a so-called G. I. Loan. After the house was built the defendant entered into a purchase and sale agreement with the plaintiffs. The agreement however, was not introduced in evidence. The plaintiffs made application for a G. I. Loan so-called and moved into the premises on October 7, 1955. On October 27, 1955 the Administrator issued to the defendant a "Compliance Inspection Report" acknowledging that the building and improvements had been satisfactorily completed. A deed to the premises was executed and delivered by the defendant to the plaintiffs on December 13, 1955. At this time no mention was made by the plaintiffs of any complaint with regard to the cesspool.

Soon after the plaintiffs had moved into the premises they had installed an automatic washing machine which they connected to the plumbing system. This plumbing system was connected to a sewerage system comprising two cesspools built in tandem. About a month after the plaintiffs moved into the house the cesspools began to overflow causing the cellar and the backyard to be wet and causing a disagreeable odor. The following spring, the plaintiffs complained to the defendant and also to the Board of Health. There was evidence that the defendant made no provisions for an automatic washer in the construction of the sewerage system and advised the plaintiffs that they should have built an additional

cesspool when the automatic washer was installed. There was further evidence that the condition could be remedied by the installation of a septic tank and leeching field at a cost estimated by one witness at $500.00 and by another at between $750.00 and $1000.00.

Before final arguments the plaintiffs made eight requests for rulings of law which were granted by the court. These requests appear to relate to the warranties mentioned in Counts one and two of the declaration and since the court allowed no recovery on these counts the defendant is not aggrieved by these rulings.

The defendant also made requests for rulings of law some of which were granted. The defendant's ninth request was

> "The acceptance of a deed is a final consummation of any and all agreements and supersedes the purchase and sales agreement."

This request was denied.

The judge found for the plaintiffs in the sum of $750.00 on Count three of their declaration and made special findings in which he found that there was an implied warranty that the dwelling should be constructed with adequate means for the disposal of waste water.

The question presented by this report is whether there can be an implied warranty in the circumstances of this case which survives the delivery of the deed and the conveyance to the grantees.

It is interesting to note that the plaintiffs

took occupancy of the premises on October 7, 1955, the condition complained of appeared about a month thereafter and they took title to the property on December 13, 1955 at which time no mention was made to the defendant of the overflowing of the cesspools.

It was established in the case of *Williams v. Hathaway,* 19 Pick. 387 that when a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged, and the deed is deemed to express the final and entire contract between the parties. Restatement: Contracts, §413. *Pybus v. Grasso,* 317 Mass. 716; *Fanger v. Leeder,* 327 Mass. 501.

To this general rule there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the property and are not inconsistent with the deed are not necessarily merged in the deed but may survive it and may be enforced after the deed is given. *Pybus v. Grasso,* 317 Mass. 716. This exception however relates to express promises found in the original agreement. While there was a written agreement in this case, it was not put in evidence and in any event there is no claim founded upon breach of this agreement, nor is there an allegation of fraud or misrepresentation or even of negligent concealment. *Spencer v. Gabriel,* 328 Mass. 1; *Swinton v. Whitinsville Sav. Bank,* 311 Mass. 677.

Since the finding of the court was based not upon the violation of a collateral

promise in the agreement but upon an implied warranty it does not come within the exception to the general rule in *Williams v. Hathaway,* 19 Pick. 387. The defendant's ninth request should have been granted.

The correct disposition of this request and application of the ruling to the facts reported would have disposed of the case in favor of the defendant. *Judgment is to be entered for the defendant.* G. L. c. 231, §124; *Fiske v. Boston El. Ry.,* 289 Mass. 598.

*Harry W. Vozella,* of Franklin for the Plaintiffs.

*R. Assetta,* of Franklin for the Defendant.