*Southern District*

**BARRY BOLOTIN, ppa**

v.

**NASH YELLOW CAB**

*Present*: Nash, P. J., Welch and Callan, JJ.

Case tried to *Murphy, Sp. J.,* in the District Court of Brockton. No. 17311.

*Callan, J.* This is an action of tort brought by a minor through his father and next friend alleging that the plaintiff was a passenger for hire in the defendant's cab and because of negligence on the part of the defendant the plaintiff sustained injury and seeks damages. The defendant answered by way of a general denial and contributory negligence.

*There was evidence tending to show that* the plaintiff for sometime had been transported to the school he was attending in the defendant's cab, paying therefor the sum of $40.00 a year for the cab's service. On April 11th the defendant's cab driver stopped in front of the plaintiff's house and sounded his horn, whereupon the plaintiff came out of the house and proceeded to the left rear door of the cab which was the door nearest the house. At the time there were classmates of the plaintiff as passengers in the back seat, one of whom locked the cab door from the inside.

The plaintiff went around the cab to the right side of the car and attempted to open the rear door only to find that one of the classmates had locked this door as well. During this time the defendant's driver was sitting behind the wheel of the front seat and while the plaintiff continued his efforts to open the door his efforts were blocked. One of the boys was sprawled on the rear seat while another was preventing the plaintiff from opening the rear door.

The plaintiff knocked on the door of the cab and on the window but the driver looked on and laughed. While the plaintiff remained outside, unsuccessful in his efforts to open the door, the boys in the cab continued the so-called "horseplay." One of the boys finally opened the door and when the plaintiff grabbed hold of the door to get in one of the boys inside the cab slammed the door on the plaintiff's finger causing injury to the plaintiff.

There was evidence that the cab driver hollered to the boys in the cab four or five times to let the plaintiff in but with no avail. The cab driver did not see the plaintiff get his finger caught in the door.

At the close of the evidence the plaintiff filed six requests for rulings, four of which were denied by the Judge, as follows:

2. The defendant's agent should have foreseen that harm could result from the Plaintiff's efforts to open the door and the acts of the children passengers who tried to prevent him from opening the door, and should have come to the plaintiff's aid to enter the cab.

3. When the defendant's agent saw that the passengers tried to prevent the plaintiff from entering the cab after the plaintiff had opened the door, he should have foreseen that in the struggle to keep the door open and the counter-struggle to close the door, someone's hands might get jammed in the door and should have guarded against such occurrence.

4. The defendant's agent was negligent in allowing the children passengers to engage in a struggle with the taxi door while the defendant's agent remained behind the wheel.

5. It was the duty of the defendant's agent to open the door for the plaintiff and to let him in the cab after his hollering at the boys four or five times went unheeded.

There was a special finding by the judge as follows:

"I find that the injury complained of by the plaintiff did not arise out of the negligence of the defendant, its agent, or servants, but I find that the injury arose out of an act by a third party over whom the agent had no control. The Defendant is not bound to anticipate every possible peril which might threaten the passenger (Plaintiff), but there was some "horseplay among the boys in the Defendant's cab" and one of the boys (Berenson), opened the cab door to allow the Plaintiff to enter and he, Berenson, suddenly closed the cab door thereby causing some injury to the Plaintiff's finger, and I find that the Defendant could not possibly anticipate or prevent the actions of Berenson, a friend of the Plaintiff's."

The judge found for the defendant.

Assuming that the plaintiff had attained the status of a passenger at the time of his injury, a carrier for hire is not bound to anticipate every possible peril which may happen to its passengers. It is not an insurer of their safety

and security. It is not obligated to foresee the impossible or highly improbable. As was stated in the case of *Isenberg v. NY, NH & H RR.*, 221 Mass. 182, it is not called upon under ordinary circumstances to expect, because one passenger is engaged in frolic or sport with another such conduct will result in injury to one of them. It is only where the circumstances are such that the .conduct of one passenger towards another indicates that harm is likely to result and the carrier has reasonable notice of such circumstances and conduct and has the opportunity to take measures to prevent harm, that liability arises.

The defendant owed the plaintiff the highest degree of care required in the circumstances to protect him from injury, *Fournier v. Central Taxi Cab, Inc.*, 331 Mass. 248. *Intriligator v. Goldberg*, 299 Mass. 333, 335. *Guinevan v. Checker Taxi Co.*, 289 Mass. 295, 297.

The passengers inside the cab were children and the driver should realize that the inexperience and immaturity of young children may lead them to innocently act in a way which an adult would recognize as careless. The driver is negligent if he permits the acts to continue after he should realize that its continuance involves a probable and reasonable risk of harm to others. Restatement, Torts, §302. It was for the judge to say whether on all the circumstances the driver .complied with the obligation resting upon him of using the highest degree of caution in looking forward to and preventing injury to

passengers from all sources which is consistent with its undertaking. *Hull v. B & M RR.,* 210 Mass. 159.

We cannot say that the judge was wrong in finding that the injury did not arise out of the negligence of the defendant, its agent or servant but that the injury arose out of an act of a third person over whom the defendant had no control.

There is nothing inherently dangerous in the opening and closing of a cab door and we feel that the judge was not in error in finding that the driver could not anticipate or prevent the actions of Berenson who opened the door and closed it, causing injury, whether said act was accidental or intentional.

The judge dealt correctly with the plaintiff's requests for rulings and accordingly the report should be dismissed. *So ordered.*

Nathan Richman of Brockton for the Plaintiff cited as to "Duty of Common Carrier to Protect Passenger From Injuries from Fellow Passengers and Other Third Persons": [13 CJS 1294-1306, §§695, 696] *Rine v. E. Mass. St. Ry.,* 317 Mass. 520, 521 and 522 and cc. (Drunken passenger); *Holton v. Boston El. Ry.,* 303 Mass. 242, 245, 246 and cc. (Intoxicated passenger); *Isenberg v. NY, NH & H RR.,* 221 Mass. 182, 183, 184 (RR liable for troublesome passenger annoying striking another passenger); *Coy v. Boston El. Ry.,* 212 Mass. 307, 309 (Passenger on left side running board of open car injured by fellow passenger rushing to board another car. Carrier liable); *Skillen v. West Jersey*

*St. Ry.,* \_\_\_\_ NJ \_\_\_\_, 115 Atl. 372. "Injuries from Doors of Motor Vehicles": *Craft v. Boston El. Ry.,* 211 Mass. 374, 376 (Mechanical door closed on passenger's body); *Sheridan v. Hotels Statler Co.,* 282 Mass. 456, 457 (Hotel doorman closed taxi door on passenger).

Badger, Pratt, Doyle & Badger of Boston for Defendant.