## Western Ristrict

### ASSOCIATES DISCOUNT CORPORATION
v.
### NORMAN J. GIRARD

(May 16, 1960)

*Present:* Riley, P. J., Hobson and Garvey, JJ.

Case tried to *O'Connor, J.,* in the District Court of Eastern Hampshire. No. 2820.

*Garvey, J.* This is an action of contract on a conditional sales contract for a deficiency allegedly due after repossession and sale of an automobile. The answer of the defendant is a general denial, payment, that defendant

did not repossess and sell the automobile in good faith, with reasonable diligence, and according to legal requirements. The trial judge found for the plaintiff and reported the case at the request of the defendant who claims to be aggrieved by the denial of two requests for rulings directed to the violation by the plaintiff of a statute requiring it to retain the repossessed automobile for 15 days before resale.

On the evidence he made the following special findings:

"I find that a written conditional sales contract for the purchase of a 1957 Ford Sedan automobile was made between the defendant and the Westfield Motor Sales Inc. on May 16, 1957; that on said 16th day of May, the Westfield Motor Sales, Inc. assigned said contract, without recourse, to the plaintiff; that the defendant defaulted in his payment as of December 30, 1957, and under the terms of the contract the entire balance became due and payable; that on the 24th day of January, the plaintiff repossessed said Ford automobile and on the 28th day of January sold same to the King, Inc. for the sum of $1,450.00; that at that time there was due from the defendant to the plaintiff the sum of $2,609.64, from which was deducted the amount received from the sale of said automobile (viz: $1,450.00), leaving a balance due from the defendant to plaintiff of $1,159.64.

"I find that the repossession took place on January 24, 1958, and the defendant had until February 8, 1958 to redeem the automobile but failed to do so within this period of time.

"I find that the plaintiff sold the automobile in question four days after the repossession took place and while such action by the plaintiff may be wrongful and in the appropriate circumstance plaintiff could be held liable in damages, in this present action the defendant failed to exercise

his statutory right, namely, the redemption of the automobile within 15 days from the day of repossession by paying to the plaintiff the balance of the amount then unpaid, together with interest and other lawful charges and expenses.

"I find no bad faith on the part of the plaintiff in exercising its right of repossession and sale.

"I find that the defendant failed to exercise his right of redemption within the time allowed him under the law, either by making a payment of the amount then owed, or a tender of that amount.

"I find for the plaintiff and assess damages in the sum of $1,159.64."

G. L. (Ter. Ed.) c. 255, §11 (see now G. L. c. 106, §§9-504, 505, 506) provides that when a conditional "vendor upon default takes from the vendee possession of the property, the vendee, within 15 days after such taking, may redeem the property so taken, by paying to the vendor the full amount then unpaid, with interest and all lawful charges and expenses due to the vendor." This statute was violated by the plaintiff.

The legal effect of such violation on the rights and obligations of the parties to the contract is the issue presented for our determination. No Massachusetts case on this point has been cited or found.

This statute, and others in the same chapter, is impressed on all conditional sales contracts. A determined legislative effort to protect the installment buyer from unfair dealing and imposition is indicated. The law is solicitious for him and recognizes that the right of redemption is a valuable one. *Nickerson v. Zeoli,* 332 Mass. 738. There was no waiver

of this right, or consent to the sale, by the defendant.

A violation of this statute, in our opinion, constitutes a breach of contract. The plaintiff breached its contract by selling the motor vehicle within the time allowed for redemption. "A failure, without justification, to perform all or any part of what is promised in a contract, is a breach thereof." Restatement: Contracts. §314. "A breach of contract is a failure to perform for which legal excuse is lacking." *Realty Dev. Co. v. Wakefield Ready-Mixed Concrete Co.,* 327 Mass. 535, 537. There is no legal justification for the sale of this motor vehicle four days after its repossession. The conditional sales contract is the basis of the plaintiff's claim. "It is essential for the plaintiff to prove that the contract as alleged — was performed by [it]." *Jewett v. Warriner,* 237 Mass. 36.

The effect of such breach is to discharge the defendant from any further obligation on the contract. "Where the existence of a specific thing or person is, either by the terms of a bargain or in the contemplation of both parties, necessary for the performance of a promise in the bargain, a duty to perform the promise (b) is discharged if the thing or person subsequently is not in existence in time for seasonable performance." Restatement: Contracts: §460. The defendant was deprived of his right of redemption.

His failure to offer to redeem is of no consequence, the plaintiff having put it beyond its power to comply. It excused tender.

In *Fort Payne Coal and Iron Co. v. Webster,* 163 Mass. 134, 136, it was held that where the plaintiff put it out of its power to convey land free and clear, by mortgaging it, the defendant would not be liable on notes given for its purchase because the plaintiff's act "was a breach of contract which justified the defendant in rescinding it". If a breach "is of such material or essential character as to go to the root of the contract, further performance by the injured party is excused". Williston on Contract (Rev. Ed.) Sec. 841. We find no merit in the plaintiff's contention that because the statute does not in terms impose a penalty, it may be violated with impunity.

To recover on a contract the plaintiff must allege and prove performance or legal excuse for non-performance. The allegations in the plaintiff's declaration imply performance on its part. There was a finding of non-performance without excuse of a material part of the contract which prevents recovery. *Bucholz v. Green Bros. Co.,* 272 Mass. 49, 54-55. *Glazer v. Schwartz,* 276 Mass. 54, 56. It was not a valid resale and a judgment for a deficiency may be had only in the event of a valid resale.

It is not necessary for us to determine whether the plaintiff's act constituted conversion. *Salter v. Leventhal,* 337 Mass. 679, 688; *Castro v. Linchitz,* 297 Mass. 381, 387. See also *Jewett v. Keystone Driller Co.,* 282 Mass. 469, 485, 486.

The judge denied the following defendant's requests for rulings. (1) The plaintiff had the

obligation to retain the motor vehicle for a period of fifteen days after it took possession after default before it could make a valid sale and hold the defendant for a deficiency arising therefrom. G. L. c. 235, §11 (as in effect in January 1958). (2) The plaintiff cannot recover for any deficiency arising out of a sale made within fifteen days of repossession under its conditional sales contract with the defendant. G. L. c. 255, §11 (as in effect in January, 1958). They should have been given.

The finding for the plaintiff is to be vacated, and, since a correct disposition of the defendant's requests for rulings would have disposed of the case in favor of the defendant, judgment is to be entered for the defendant. G. L. c. 231, §§110, 124; *Fiske v. Boston El. Ry.,* 289 Mass. 598, 601.

Lloyd Bardach of Springfield, for the Plaintiff.
John P. Schlosstein of Ware, for the Defendant.