*Northern District*

No. 5970

**GEORGE S. FREEMAN et ux**

v.

**WILLIAM MARCHI**

Filed January 8, 1965

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Clark, J.* in the First District Court of Southern Middlesex (Framingham). No. 1694.

*Connolly, J.* This case involves a building contract incorporated in a common form of an agreement to buy and sell real estate.

The declaration contains two Counts—Count #1 in contract and Count #2 in tort. The answer is a general denial, payment, contributory negligence, and "the defendant says that the plaintiffs are not entitled to recover for the reason that they accepted a deed to the premises described in the written contract, a copy of which is annexed to the plaintiffs' declaration, marked "A", and said contract expressly provides: that acceptance of the deed by the plaintiffs shall be deemed to be a full performance and discharge of every agreement and obligation therein contained or expressed, except such as are, by the express terms hereof, to be performed after the delivery of the deed, and that nothing remained to be done by the defendant after delivery of the deed nor were there any obligations of the defendant whatsoever which were to survive the transfer of title".

The trial judge made the following findings of fact:

"I find: 1. The plaintiffs seek recovery for four alleged defects in performing a building contract; viz.

(a) Leak in Roof

(b) Defective back steps (porch)

(c) Defective kitchen cabinets

(d) Failure to furnish grass seed
a fifth item (crack in cellar floor) was waived.
2. *On or about the 21st day of June,* 1961
the defendant, William Marchi, was con-
structing a house on his own account in
Wayland on land designated as 34 Clubhouse
Lane. The plaintiffs observed the uncompleted
house and negotiated for the purchase of it
after completion. The parties came to agree-
ment and a formal instrument entitled "Pur-
chase and Sale Agreement", was executed
on *June* 21, 1961. This instrument was an
adaption of the printed form copyrighted
by the Greater Boston Real Estate Board,
whereby certain parts were deleted and an
elaborate list of construction details entitled
"Furnishing Specifications—Lot 34 Club-
houseLane, Wayland, Massachusetts" was
attached to the printed form and incorporated
therein by reference in and by Paragraph 21,
designated as "Additional Provisions". Some
of the relevant provisions of this instrument
are:

"4. The structure is to be finished in a
good and workmanlike manner in keeping
with the area and according to the follow-
ing . . . . .
"5. (e) Kitchen cabinets to be natural
finish knotty pine, Formica counter tops."
"5. (t) The disturbed area to be graded,
loamed, and seeded, etc.
"9. Acceptance of Deed: The acceptance
of a deed by the buyer or such nominee
as the buyer shall have designated as here-

inbefore provided, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed except such as are, by the express terms hereof, to be performed after the delivery of the deed."

3. *Leak in Roof*: This developed after the passing of papers. Although it was a latent defect, not known at the time, recovery seems to me barred by the acceptance of the deed. Paragraph 9 supra refers to "every agreement and obligation". It puts the risk of latent defects on the buyer.

4. *Back steps*: When title was passed there was discussion as to some things remaining to be done, including the back "porch" and the defendant orally agreed to fix it (to correct "sagging"). The defendant testified he did so. Although the steps might well have been built more sturdily there were no requirements therefor in the specifications. Recovery for this item seems to me barred on the evidence.

5. *Kitchen Cabinets*: After the contract was signed the plaintiffs decided they wished more ornamental kitchen cabinets then knotty pine cabinets manufactured by the Carbeau Kitchens, Inc. and sold by it as a commercial product. The plaintiffs sought this change and selected the cabinets used. The Carbeau Kitchens, Inc. charged them to the defendant because it did not consent to sell them on credit to the plaintiffs. I find the defendant, Marchi, was not negligent in consenting to

such other arrangements sought by the plaintiffs and did not guarantee cabinets selected by them. I find the cabinets were in fact defective and there was testimony that it would cost $1,140.—to install new cabinets of the same type. I find further the plaintiffs are not entitled to recover for this item because of Paragraph 9 of the agreement supra.

6. *Grass-seed*: At the passing of title the parties mutually agreed to adjust this item by each bearing one-half the cost, or $13.25 each. This was not done. I find the defendant Marchi is liable to the plaintiffs therefor.

Pertinent to this opinion are requests for rulings of the defendant numbered 3, 4, 6 and 7, and the disposition of these requests by the trial judge are as follows:

3. The plaintiffs are bound by the provision in their purchase and sale agreement with the defendant which recites,

> "The acceptance of a deed by the buyer or such nominee as the buyer shall have designated as hereinbefore provided, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the express terms hereof, to be performed after the delivery of the deed."

3. *Denied as to items excepted and reserved at passing of title under mutual agreement.*

4. After the delivery of the deed and the payment of the full purchase price there was

no obligation to the plaintiffs on the part of the defendant to do anything with respect to the premises.

4. *Denied. See #3.*

6. Where the defendant made a cash allowance for the kitchen cabinets to the plaintiffs and then the plaintiffs made their own purchase, choice, selection and other arrangements for the installation of the kitchen cabinets with persons other than the defendant, the defendant cannot be held for any alleged defect in the kitchen cabinets.

6. *Granted. See my special findings.*

7. The acceptance of the deed by the plaintiffs precluded them as purchasers from maintaining an action for breach of provisions, if any, in the agreement for the sale and purchase of lands, since the agreement was merged in the deed".

7. *Denied as to items orally excepted and reserved at the passing of title. It was competent for the parties to so modify the agreement orally.*

The plaintiffs claim to be aggrieved by:

1. "3. *Leak in Rook*: This developed after the passing of papers. Although it was a latent defect, not known at the time, recovery seems to me barred by the acceptance of the deed. Paragraph 9 supra refers to 'every agreement and obligation'. It puts the risk of latent defects on the buyer."

2. "5. *Kitchen Cabinets*: After the contract was signed the plaintiffs decided they

wished more ornamental kitchen cabinets then knotty pine cabinets and arranged with the defendant to substitute a particular type of cabinet manufactured by the Carbeau Kitchens, Inc. and sold by it as a commercial product. The plaintiffs sought this change and selected the cabinets used. The Carbeau Kitchens, Inc. charged them to the defendant because it did not consent to sell them on credit to the plaintiffs."

3. "5. *Kitchen Cabinets*: . . . I find the defendant Marchi was not negligent in consenting to such other arrangements sought by the plaintiffs and did not guarantee cabinets selected by them. I find the cabinets were in fact defective and there was testimony that it would cost $1,140.—to install new cabinets of the same type. I find further the plaintiffs are not entitled to recover for this item because of Paragraph 9 of the agreement supra."

4. "I dispose of the defendant's requests as follows:—3. *Denied* as to items excepted and reserved at passing of title under mutual agreement."

5. "I dispose of the defendant's requests as follows:—4. *Denied*. See #3."

6. "I dispose of the defendant's requests as follows:—6. *Granted*. See my special findings."

7. "I dispose of the defendant's requests as follows:—7. *Denied* as to items orally

excepted and reserved at the passing of title. It was competent for the parties to so modify the agreement orally."

8. "ORDERS (1) Judgment is to be entered for the plaintiff in the sum of thirteen and 25/100 dollars ($13.25) when the case is ripe therefor."

We do not find any prejudicial error.

■ The acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting, except such as are embodied in the deed. Restatement, Contracts, §413; Williston on Contracts (Rev. ed.) §926 at pages 2603-2604.

■ It is true that there is an exception to the general rule to the effect that promises in the original agreement, which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given, are not necessarily merged in the deed, but may survive it and be enforced after the deed is given. *Pybus v. Grasso,* 317 Mass. 716-717; *Lipson v. Southgate Park Corp.,* 345 Mass. 621-625; *Larsen v. Van-Gemert,* 17 Mass. App. Dec. 160-164. But this applies in a situation where the agreement is silent as to the effect of an acceptance of a deed. In the case at hand, the language in the agreement on this point is clear and direct. The court cannot rewrite the contract because its terms are harsh. *Fanger v. Leeder,* 327 Mass. 501-505.

This would appear to answer the first three reasons the plaintiffs give for being aggrieved.

As to the disposition of the defendant's requests for rulings, only number 6 of these rulings was granted and this ruling, if it were in error, which we deny, is rendered immaterial by the ruling that the acceptance of the deed barred recovery. Obviously, the plaintiffs could not be aggrieved by the denial of the other requests.

Finally, the damages awarded the plaintiffs are cited by them as the eighth reason for their being aggrieved. Damages are always a question of fact and questions of fact are rarely reviewable by the Appellate Division.

*There being no prejudicial error, the report is dismissed.*

Louis A. Porras, of New Bedford, for the Plaintiff.
Nicholas A. Lupo, of Newton, for the Defendant.