JULIA I. PAONE, temporary conservator, *vs.* NORMAN W. ROGERS & another. February 25, 1974. The respondents appeal from a final decree in equity of a Probate Court setting aside a conveyance of real estate, made without consideration, by the petitioner's ward to the respondents by reason of the ward's mental incompetence. They also appeal from an interlocutory decree confirming the report of the master to whom the case was referred, to which they had filed objections, and from four other contemporaneously entered interlocutory decrees. We perceive no error. (1) Some of the respondents' objections are based on their contention that the petition alleged fraud and undue influence as the sole grounds for setting aside the conveyance, that the master's finding of no such fraud or undue influence required dismissal of the petition, and that the issue of mental incompetence was not before him. This is the principal contention underlying the respondents' appeals from decrees denying their motion to strike the master's finding of mental incompetence, denying their motion to dismiss the petition, allowing a subsequent motion to amend the petition, and confirming the master's report. Our examination of the petition and answer — which respectively allege and deny that the ward was "mentally incompetent" and "incapable of understanding her property rights" when she executed the deed — persuades us that her competence was at issue from the outset. The challenged finding was therefore well within the scope of the pleadings, and the motion to amend the petition (which insofar as material merely added further allegations of such incompetence) was properly allowed. See *Alpert* v. *Commonwealth,* 357 Mass. 306, 318 (1970). (2) It follows that the respondents' motion to recommit, for the stated purpose of permitting their introduction of evidence to refute the allegation of mental incompetence, was correctly denied. (3) The remaining objections assert that the master's finding of mental incompetence was unsupported by evidence. Since no transcript appears to have been taken by a stenographer selected or approved by the master and no summary of evidence could therefore have been obtained in accordance with Rule 24 of the Probate Courts (1959), these objections have no standing. *DiMare* v. *Capaldi,* 336 Mass. 497, 500 (1957) (decided under an identical provision of Rule 90 of the Superior Court [1954]). (4) Nor is there any merit in the assertion that the language in which the master's finding is couched — the ward "did not have sufficient mental

competence or capacity to understand or be fully aware of what she was signing" — was insufficient. Except for the words "or be fully aware of" (which we regard as surplusage), the terms of the finding adequately convey the concept of mental incompetence as defined by the Supreme Judicial Court. See *Meserve* v. *Jordan Marsh Co.* 340 Mass. 660, 662 (1960). Compare *Smith* v. *Smith,* 222 Mass. 102, 107-108 (1915).

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs of appeal.*

*Samuel Smolensky* for the respondents.
*Harry J. O'Sullivan* for the petitioner.

