*Southern District*

Appellate Division No. 113

# HARRIET A. BERK

## v.

# MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Argued: Nov. 19, 1975. Decided: March 1, 1976.

Case tried to *Murphy, J.,* in the Municipal Court of the West Roxbury District. Number: R-1475.

This is an action of tort for negligence to recover for personal injuries sustained by the plaintiff while she was a passenger on a bus owned or controlled by the defendant, a common carrier for hire.

The defendant's answer was by way of a general denial.

*There was evidence which tended to show the following:*

The plaintiff boarded the defendant's bus at the Arborway. There was no operator or other attendant on the bus at the time. Four or five youths boarded the bus shortly after the plaintiff and went to the rear of the bus. Seconds later, a firecracker exploded near the plaintiff's seat, and there was laughter from the youths. The youths ran from the bus before the defendant's personnel, summoned by the plaintiff, arrived at the scene. The plaintiff sustained injury to her hearing as a result of said incident.

The report stated that it contained all of the evidence material to the questions reported.

At the close of the evidence and before final argument, defendant made the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its servents or agents, was negligent.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

The court denied all three requests.

A carrier is not ordinarily bound to anticipate an assault by one passenger upon another, or that frolic or sport will result in injury. *Isenberg v. New York, New Haven and Hartford Ry. Co.,* 221 Mass. 182, 183 (1915).

A carrier is not an insurer of the safety of its passengers. The test in such cases is whether or not the carrier ought to have anticipated the likelihood of violent or tumultuous behavior on the part of another passenger towards the plaintiff. *Quigley v. Wilson Line of Mass., Inc.,* 338 Mass. 125, 128 (1958).

There is nothing in the report which would indicate that the defendant, its agents or servants either had actual notice or ought to have anticipated the sort of behavior which resulted in the alleged injury to the plaintiff. While recognizing that a carrier is required to exercise the utmost degree of care consistent with the nature of its business there is no evidence contained in the report which would warrant an inference that the defendant breached that duty with respect to the plaintiff. There is no indication for how long a period of time the bus was not attended, or even where in relation to the bus, the operator was at the time. There is no evidence in the report that the youths boarded the bus in a boisterous

manner or gave any indication of intended mischief. *Glennen v. Boston Elevated Railway*, 207 Mass. 497 (1911).

> "Injury arising from the sporadic act of an individual or the aggregated impulses of a throng, if outside the limits of conduct reasonably to be apprehended by one under a strong legal duty to be keenly sensitive to guard against preventable wrongs, affords no grounds for liability". *id.* at P. 499.

See also *Martin v. Boston Elevated Ry. Co.*, 262 Mass. 542 (1928).

We feel compelled to call attention to the provision of Rule 64(b), Dst./Mun. Cts. R. Civ. P., which provides in part:

> "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appear from special findings filed."

In this case, the requests for rulings were denied by the trial justice without any explanation and no special findings of fact were made. Compliance with Rule 64(b) is the only certain method of determining by an Appellate Court whether or not the justice erred as to the law; and if so, whether such error is prejudicial in the light of facts found by the justice. *Brodeur v. Seymour*, 315 Mass. 527 (1944). *Liberatore v. Framingham*, 315 Mass. 538 (1944).

There is an excellent review of the authorities in this area the recent case of *DiGesse v. Columbia Pontiac, Inc.*, —— Mass. —— (1975),[1].

---

[1] Mass. Adv. Sh. (1975) 3281.

Based upon the foregoing, we conclude that the denial by the trial justice of requested rulings numbers 1 and 4 constituted prejudicial error.

**The finding for the plaintiff is to be vacated and a finding is to enter for the defendant.**