**HALIFAX COUNTRY CLUB, INC.**
**vs.**
**DONRICH CONSTRUCTION CO., INC.**

**No. 265**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

July 31, 1981

---

**John T. Spinale, Esq.,** counsel for plaintiff

**John H. Wyman, Esq.,** counsel for defendant

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Attleboro upon Report from the District Court Department, Plymouth Division and it is found and decided that there was prejudicial error.

It is hereby

ORDERED: That the Clerk of the District Court Department, Plymouth Division make the following entry in said case on the docket of said Court, namely: JUDGMENT FOR THE PLAINTIFF VACATED; CASE REMANDED TO THE DISTRICT COURT, PLYMOUTH[1] DIVISION FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

Opinion filed herewith.

Date: July 31, 1981

**Daniel H. Rider, Presiding Justice**

**Richard O. Staff, Justice**

**Patricia D. Miller, Clerk**

**Justice: Lee, P.J.[1]**

[1] Judge Lee did not participate in this decision due to his retirement on June 24, 1981.

## OPINION

**RIDER, J.** This is an action of contract in which the plaintiff seeks to recover damages for the alleged breach by the defendant of a certain agreement to purchase real estate owned by the plaintiff.

The answer filed by the defendant sets forth a general denial to the allegations made by the plaintiff that it breached the agreement and asks that the complaint be dismissed.

On July 24, 1979, the plaintiff filed a motion for summary judgment pursuant to Dist./Mun. Cts. R. Civ. P. 56 (a) together with a supporting affidavit. On August 14, 1979, the defendant filed its counter-affidavit pursuant to Rule 56 (c) and also a motion for summary judgment.

The court, after hearing on the motions, found for the plaintiff in the amount of $5,850.00 with interest of $425.34 and costs in the amount of $19.91.

At the hearing, there was no oral testimony, but there was evidence through the respective affidavits, and defendants' answers to plaintiff's interrogatories, tending to show the following:

The plaintiff and defendant entered into a series of purchase and sale agreements calling for the plaintiff to sell, and the defendant to purchase, a total of five (5) lots of land in that part of Plymouth called Leisure Village, upon which a total deposit was paid by the defendant to the plaintiff of $2,600.00. Each agreement was made subject to certain contingencies, among which were the following:

Subject to the buyer obtaining at his own expense a satisfactory perc test, zoning permit from the Town of Plymouth by August 27, 1977 for construction of a single family home on the subject lot. Subject to approval of lot by Farmer's Home Administration by August 27, 1977 for construction of a single family home. Subject to Buyer obtaining a mortgage for $3,900.00 on subject lot by August 27, 1977. If any of these contingencies cannot be met, the deposit shall be returned in full to the buyers. Written notice on or before the contingency date shall be the only acceptable method of informing the seller that a contingency could not be met.

On December 1, 1977, a passing took place on four of the lots. The fifth lot is the subject matter of this litigation.

The purchase and sale agreement annexed to the plaintiff's complaint contains the following provision:

If the BUYER shall fail to fulfill the BUYER'S agreements herein, all payments hereunder by the BUYER may, at the option of the SELLER, be retained by the SELLER as liquidated damages.

The plaintiff retained the deposit and brought this action to recover the agreed sales price.

The court made no finding of facts but allowed the plaintiff's motion for summary judgment. It determined that there was no genuine issue as to a material fact and that the plaintiff was entitled to recover as a matter of law.

The report states that it contains all the evidence material to the question reported.

The defendant contends that the trial judge was in error: (1) in allowing plaintiff's motion for summary judgment in view of genuine issues of material facts, and (2) in assessing damages to the full extent to the agreement. The defendant recites in its brief a portion of its affidavit which was filed in opposition to plaintiff's motion for summary judgment and which allegedly raises the issue of waiver by the plaintiff of the provision of the agreement requiring written notice on or before the contingency date informing the seller that a contingency concerning

the lot in question could not be met. Alternatively, the defendant maintains that by retaining the deposit allocated to the lot in question, the plaintiff exercised its option and thereby limited its damages to the amount of the deposit.

The report leaves much to be desired. Neither the complaint, answer, answers to interrogatories, the particular purchase and sale agreement nor the affidavits filed in connection with the plaintiff's motion for summary judgment are annexed to, or incorporated by reference in, the report. Dist./Mun. Cts. R. Civ. P. 64(c)(2).[2] We are not informed of the amount of the deposit allocated to the lot in question nor of the full purchase price of the lot. We can only assume that where the deposit of $2,600.00 was applied to five lots, then the deposit on each lot amounted to $520.00. Based upon that assumption and taking into consideration that the agreement was "(S)ubject to Buyer obtaining a mortgage for $3,900.00 on subject lot . . .", we surmise that the finding for the plaintiff in the amount of $5,850.00 plus the deposit represented the full purchase price of the lot.

I. The defendant admittedly did not notify the plaintiff in writing prior to August 27, 1977 that the lot in question did not percolate. The report is silent as to the contents of the affidavits for and against the allowance of the plaintiff's motion for summary judgment. However, an excerpt from the defendant's affidavit quoted in its brief appears to raise the issue of waiver by the plaintiff of the provision of the purchase and sale agreement as alleged by the defendant. The question of waiver is one of fact. **MacDonald and Payne Machine Company, Inc. vs. Metallic Arts of New England, Inc.,** 324 Mass. 353, 356 (1949). **Reid vs. Doherty,** 273 Mass. 388, 389 (1930). If this issue was raised at the hearing on plaintiff's motion, then the motion was improperly allowed and the case must stand for trial.

A motion for summary judgment should not be granted if there is a genuine issue of material fact. **Panesis vs. Loyal Protective Life Insurance Company,** 5 Mass. App. Ct. 66, 71 (1977). Dist./Mun. Cts. R. Civ. P. 56(c).[3] To be entitled to summary judgment the moving party must affirmatively show that there is no real issue of fact. **Kesler vs. Prichard,** 362 Mass. 132, 134 (1972), and cases cited. A question of credibility is not to be resolved by the judge on a motion for summary judgment. **Junkins vs. Slender Woman, Inc.,** 7 Mass. App. Ct. 878 (1979). "If the affidavit of defense shows a substantial issue of fact, summary judgment should not be ordered even though the affidavit be disbelieved." **Norwood Morris Plan Co. vs. McCarthy,** 295 Mass. 597, 603-604 (1936). If competing affidavits are at all divergent as to a material fact, the case must go to trial. **Norwood Morris Plan Co. vs. McCarthy,** supra, at 604. Smith and Zobel, **Rules Practice,** 8 M.P.S. sec. 56.8, at 360. Moreover, the Supreme Judicial Court has fully approved the rule of the United States Supreme Court as stated in **United States vs. Diebold, Inc.,** 369 U.S. 654, 655; 82 S. Ct. 993, 994 (1961): "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." **Hub Associates, Inc. vs. Goode,** 357 Mass. 449, 451 (1970).

---

[2] Rule 64(c)(2) reads in part as follows: "... copies of the complaint or any pleading necessary for the understanding or decision of the questions involved shall be annexed to or incorporated in the draft report. Papers on file in the case may not be incorporated by reference except by permission of the appellate division ..."

[3] Rule 56(c) reads in part as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law".

II. We also find prejudicial error in the finding for the plaintiff in the amount of $5,850.00, with ownership of the land remaining in the plaintiff. As stated above, it appears to us that this amount, plus the amount of the deposit, must have approximated the entire price for the lot in question. Whether or not our assumption is correct, the amount of damage is a question of fact, **Kinnear vs. General Mills, Inc.**, 308 Mass. 344, 349 (1941), **Macchiaroli vs. Howell**, 294 Mass. 144, 148 (1936), **Freeman vs. Marchi**, 30 Mass. App. Dec. 114, 122 (1965), which could not be determined under the existing circumstances by way of plaintiff's motion for summary judgment.

Since at least the damage aspect of this case must be tried, we express our opinion as to the measure of damages in the event of a finding for the plaintiff. Where the buyer makes total default the measure of damages is the difference between the price the buyer agreed to pay for the land and the market value of the land at the time the contract was broken. **Olszewski vs. Sardynski**, 316 Mass. 715, 717-718 (1944). **Old Colony Railroad Corp. vs. Evans**, 72 Mass. (6 Gray) 25, 36-37 (1856). Williston, **Contracts** (3rd ed., 1968) sec. 1399. See also, **Capaldi vs. Burlwood Realty Corp.**, 350 Mass. 765 (1966); **Rozene vs. Sverid**, 4 Mass. App. Ct. 461, 465-466 (1976). To apply this rule of damages requires evidence of the market value of the land at the time of the alleged breach of contract. The trial judge was in error in finding the amount of plaintiff's damages without receiving such evidence.

III. The defendant further contends that by retaining the deposit on the lot in question the plaintiff has received all that he is entitled to in damages.

It is argued that by exercising the option to retain the deposit under a provision of the purchase and sale agreement, the plaintiff has accepted liquidated damages in lieu of a right of action. This contention involves a question of law which could have been, but was not, raised by a request for ruling. The Appellate Division will not consider an issue upon review in the absence of a request for ruling upon the point. **Murphy vs. Kelley,** 302 Mass. 390, 392 (1939). However, since there must be a trial at least on damages, this issue will doubtless be open at that time.

We determine prejudicial error. The judgment for the plaintiff is vacated and the case is remanded to the Plymouth Division for further proceedings in accordance with this opinion.

So ordered.

**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**